Rui-iiN, Chief Justice.
 

 — The attention of the Court was not called by the counsel to the form in which this proceeding is brought forward; and thence it is supposed, that the object of the parties is to obtain a decision upon the merits of the controversy. The Court will therefore
 
 *64
 
 proceed to consider the merits: premising only, that it must not be inferred therefrom, that the particular remedy adopted in this case, is either approved or disapproved here.
 

 By the general demurrer, the matters of fact set forth in the plea, are admitted to be true. In the opinion of the Court, those facts do amount fully to a vacating of the office of clerk by Mr. Williams. Reliance is not much placed on the transactions between that gentleman and Mr. Somers in private; for the old clerk could not by his own act merely, confer a right on another, to an office concerning the administration of the law. But as the office is of that character, and as the discharge of the duties by the officer himself, or through a deputy in term time, was indispensable to the despatch of business, the withdrawal of Mr. Williams from the discharge of those duties, and the withholding from the knowledge of the Court all claim to the office itself, fully warranted the Court to admit another person. The mere absence from Court at a particular time would not authorise a judgment of amotion; nor could another person be appointed and inducted fully into office, upon the score of his predecessor’s misdemeanor in office without such a judgment. But as this gentleman was personally present, and cognizant of what was going on, and that a new clerk was about being admitted, and his admission stated of record as an induction generally into the office, his silence is a tacit approbation of the act of the Court; and if that act be otherwise unwarranted, it is confirmed and rendered valid as against him, by and upon his own consent. The abandonment of the office is, at all events, conclusively to be inferred from those facts, in con-nexion with the subsequent failure to give or tender official bonds. That failure might not prejudice a person removed by a decision of the Court against his will, and upon objection made; although by statute, the failure to renew his bonds is a forfeiture of office. That must mean a person who is
 
 de facto
 
 clerk; because from such only is a security useful, and one cannot be required to tender bonds as clerk to a Court, which denies that he is clerk, and therefore would not, and could not take his bond. But
 
 *65
 
 that circumstance is of force here, as it gives a character to the conduct of the party himself, in the first instance. If he had urged to the' Court his right, as he says he reserved it’ in the surrender to the defendant, his situation would be entirely different; no matter what disposition the Court had made to his objection. A removal of him either by an express order, or by implication from the admission of another, would have been unlawful and wrongful; and he would be entitled to restoration. But after declining in open Court, and not at the instance of the Court, to act in the office; after seeing without objection the Court confer on another the same office, which the interests of the public essentially required to be filled by some person; after delivering up the office and records in term time to the person thus appointed ; and after a nonuser of the office for twelve months next succeeding; it is too late now to say, that he did not yield it up to the public, there represented by the Court. The judgment of the Superior Court is therefore reversed, and judgment for the defendant on the plea and demurrer.
 

 Per Curiam. Judgment reversed.