## DAVID LOFTIN *v.* JACOB SOWERS.

The terms of the offices of the sheriffs chosen at the first election held under the present Constitution are, by force of Art. 4 and Art. 2, sec. 29, extended to the year 1872, after which time such terms will be for two years only.

An action by the Attorney-General in the name of the people of the State and of the person who claims the office of sheriff is by force of the 366th and 368th sections of the C. C. P., the proper mode of proceeding against the person, who is alleged to be usurping it, to try the question as to which of the parties is entitled to the office.

The case of *Williams* v. *Sowers*, 1 Dev. and Bat. 61, cited and commented upon.

This was a proceeding by the plaintiff claiming to be Sheriff of DAVIDSON County, against the defendant who was alleged to be usurping it. The plaintiff applied in the first place to the Attorney General of the State and obtained his order for the institution of the proceedings, which accordingly were commenced by him in the name of the people of the State and of the plaintiff. The complaint alleged that at the regular election for members of the General Assembly in August, 1870, a poll was opened for the election of a Sheriff for the County of Davidson, when the plaintiff, having obtained the highest number of votes, was declared by the competent authority to have been duly elected, and he afterwards, on the ensuing 5th day of September, tendered the bonds required by law to the new Board of Commissioners who had been duly elected as such in the said County and had organized on that day; that his bonds were accepted and he thereupon qualified as Sheriff by taking the oaths of office, and then demanded the books, papers, &c., belonging to the office from the defendant, who had been Sheriff theretofore, and that he refused to deliver them up. The complaint alleged further that the defendant had before the time of the election aforesaid announced himself as a

candidate for the office of Sheriff, and had repeatedly declared that he would not claim it unless he were duly elected to it; that he failed to offer his bonds or to qualify before the Board of Commissioners above mentioned. The complaint closed by a demand of judgment for the plaintiff,

1. That the defendant is not entitled to the said office of Sheriff and that he be ousted therefrom.

2. That the plaintiff, David Loftin, is entitled to the said office and to assume the execution of the duties of the same.

The answer of the defendant admitted that the plaintiff had received the highest number of votes for the office of Sheriff, that he was declared to have been duly elected, and that he gave bonds and qualified as sheriff before the new Board of Commissioners as stated by him. It also admitted that the defendant was a candidate for the office, but denied that he intended to resign his office until the regular expiration of his term in it, which he contended did not expire until the year 1872, as provided in the 4th and 2d Articles of the Constitution; that he never had expressly or impliedly resigned his office or done any thing to forfeit it; that he tendered the bonds required by law to a majority of the old Board of Commissioners, who claiming that they were the rightful Board organized as such on the said 5th day of September, and that the bonds were accepted by the said Board and that he duly qualified as Sheriff before them; that he did not tender his bonds to, or offer to qualify before the new Board of Commissioners because he was told by them that they did not recognise him as Sheriff.

The case was tried before his Honor, *Judge Buxton*, at a Special Term of the Superior Court of DAVIDSON County, in December, 1870, and by the consent of the parties without a jury. His Honor found the facts to be as stated in the complaint and answer, and then announced his conclusions of law to be as follows:

" By comparison of sec. 30, Art. 4, of the State Constitution with sec. 32 of the same Article and with sec. 29, Ar-

ticle 2, I am of the opinion that the defendant by virtue of his election in 1868, at the first election held under the Constitution, was entitled to hold said office for two years next ensuing the first Thursday in August, 1870, having come to the conclusion that the terms ' the officers elected at the first election' embraced all the officers specified under the judicial department in Art. 4, among which is that of Sheriff.

I am further of the opinion that the Act of the General Assembly, ch. 148, of the laws of 1869-'70, entitled an "Act concerning elections and registrations in the year of our Lord 1870," although in terms directing the election of Sheriffs for the various counties on the 1st Thursday of August, 1870, did not have the effect of impairing the right of the defendant to hold his said office during the term prescribed by the Constitution (see opinion of the Justices of the Supreme Court in regard to the term of office of the General Assembly elected in April, 1868, 64 N. C. Rep. Ap. on page 785.)

I am further of opinion that the circumstances of the defendant having offered himself as a candidate for re-election, and the declarations made by him before the election, that he would abide the result of the election, do not work a resignation or abandonment of the office, but were at most a declaration of a purpose to resign or abandon, which, like the will of a testator, was ambulatory until the time came to carry it into effect, and could be revoked at pleasure. I am further of opinion that since the election there has been no abandonment of the office by the defendant, as he has held on to it as well as he could, and has tendered his bonds to the only Board who would receive it. Lastly, I am of the opinion that there has been no forfeiture by him of the office by reason of a failure to renew his official bond before the proper Board on the first Monday in September, 1870, because the provisions of the act of the General Assembly of 1869-'70, ch. 169, sec. 2, entitled an "Act in relation to official bonds," were not complied with by the proper Com-

missioners of the County." A judgment was, according to this opinion, entered for the defendant, and the plaintiff appealed.

*Boyden & Bailey,* for the plaintiff.
*Blackmer & McCorkle,* for the defendant.

PEARSON, C. J. There are five cases at this term, called "The Sheriff Cases." The main question in all of these is, the term of office of the Sheriffs elected at the first election under the present Constitution, but each presents certain special circumstances, making it necessary that each case should be referred to separately. Each case differs in regard to the mode of instituting the proceeding. The purpose in all, however, is to get a decision upon the main question, and upon the effect of the special circumstances, without regard to the form of the procedure—so, that matter will be passed upon with the remark, that the form adopted in this case, seems to us to be the proper one.

Art. 4, sec. 32 of the Constitution provides—" The officers elected at the first election held under this Constitution, shall hold their offices for the terms prescribed for them respectively, *next ensuing after the next regular election for members of the General Assembly.*"

The next regular election for members of the General Assembly, is to be held on the first Thursday in August, 1870. (Art 2, sec. 29.) So the officers whose offices are provided for by Art. 4, elected at the first election held under the Constitution, are to hold their offices for the terms prescribed for them respectively, *next ensuing after that date.* These words are plain and positive, and admit of no other construction. There is no other section which conflicts with, or can control this construction, and it will be observed the wording differs very materially from that in respect to members of the General Assembly. This conclusion, although no reason for an extension of the term of officers elected at the

first election appears on the face of the Constitution, is forced upon the Court, because *it is so written.* Our duty is, to administer the law as it is, and not according to our notion as to how it ought to be. (See opinion of Chief Justice and Justice Dick on the question of " tenure of office," at the request of the General Assembly, 64 N. C. Rep. appendix.)

The special circumstances relied on, do not, in our opinion, amount to a resignation, or to an abandonment, or to a forfeiture of his office on the part of the defendant, upon the facts found by his Honor, in the Superior Court, and for the reasons given by him.

This case is clearly distinguishable from *Williams* v. *Somers,* 1 Dev. and Bat. 61. In that case, the Court put no stress upon the fact that Mr. Williams was a candidate before the people, and the decision is put upon an implied abandonment of the office, by reason of certain acts after the election. That decision did not meet with full concurrence on the part of the profession, because the abandonment of the office by Mr. Williams was not considered to have been voluntary, but ought to have been ascribed to the pressure of circumstances induced by unconstitutional action on the part of the Legislature, which the presiding Judge was ready to enforce. But, however this may be, our case in no wise comes up to that. See *Aderholt* v. *McKee,* at this term.

PER CURIAM.                                   Judgment affirmed.

NOTE.—The cases of the *People of the State on the relation of the Attorney-General* and *D. A. Koon* v. *J. H. King,* from Lincoln County, and the *State on the relation of A. J. C. Powell* v. *the Board of Commissioners of Sampson County,* were decided upon the same grounds as those set forth in the above opinion, and the opinion is referred to for them. The same may be said of the case of *R. F. Trogden* v. *Commissioners of Randolph County.* In the case of *J. Foley* v. *Commissioners of Pitt,* the special circumstances

relied on to take it out of the general principle announced in *Loftin* v. *Sowers* were that being the former Sheriff, though he was not a candidate for re-election, he electioneered for the candidate who obtained the highest number of votes, voted for him, and afterwards proclaimed him as having been elected, and that he did not tender his official bonds at the proper time. The following is the opinion filed in the case.

JOHN FOLEY

*v.*

COMMISSIONERS OF PITT COUNTY.

PEARSON, C. J. There is nothing in the special circumstances of this case, to take it out of the general principle announced in *Loftin* v. *Sowers* at this term.

The facts do not show a resignation or an abandonment or a forfeiture of his office on the part of Foley, all of his acts are attributable to an act of the General Assembly passed under a misconstruction of the Constitution in regard to the term of office, of Sheriffs elected at the first election, under the present Constitution; so nothing that he did or said can be looked upon as being voluntary on his part, or be allowed the legal effect of an estoppel, whereby he is excluded from the right to assert his title to the office.

PER CURIAM.                          Judgment affirmed.

The case of *Koon* v. *King* was argued by Hoke for the plaintiff and *Bynum* for the defendant. *Powell* v. *Board of Commissioners, &c.,* by *Phillips & Merrimon* for the plaintiff and *Bragg & Strong* for the defendant. *Trogden* v. *Commissioners, &c.,* by *Scott & Scott* and *Ball & Keogh* for the plaintiff and *Gorrell* for the defendant, and *Foley* v. *Commissioners, &c.,* by *Battle & Sons* for the plaintiff and *Warren & Carter* and *G. W. Johnston* for the defendant.