THE PEOPLE OF THE STATE OF NORTH CAROLINA *ex rel.* KEMP P. BATTLE *v.* ALEXANDER McIVER.

An officer elected by the people holding over his regular term on account of the failure of his successor to qualify, holds over until the place is filled at " the next general election " had by the people.

The Governor never nominates to the Senate to fill vacancies. He does that *alone* in all cases.

Where officers have to be appointed to fill a regular term, then he nominates to the Senate, unless it be an officer who is elected by the people, and then he never nominates to the Senate, but fills the vacancy or term by his own appointment (unless there is an officer holding over) until the people can elect.

Article 3, sections 1 and 13, Constitution.

CASE AGREED, without action, to recover the office of Superintendent of Public Instruction, submitted at the January Term, 1873, of the Superior Court of WAKE county, before his Honor, *Judge Watts*, and by him determined.

The relator, Kemp P. Battle, seeks to recover of the defendant, Alexander McIver, the office of Superintendent of Public Instruction, in and for the State of North Carolina, and the same is resisted by defendant.

At an election held in April, 1868, S. S. Ashley was duly elected to fill said office for the legal term thereof. The said Ashley very soon after his election qualified, and entered upon the discharge of the duties of his office, and continued to hold such office until about October 1st, 1871, when he resigned and his resignation was duly accepted.

Immediately after the resignation of the said Ashley, the

Governor proceeded to fill said office; which he did by the appointment, according to law, of the defendant, McIver, thereto.   The defendant accepted the appointment and was duly qualified, and entered upon the discharge of the duties of said office, and has held it up to the present time.

At an election held on the 1st Thursday in August, 1872, James Reid was duly elected to fill said office during the next term thereof.   On the 8th day of November, 1872, the said James Reid died without having qualified, and before the time had arrived at which he could legally qualify and enter upon the duties of the office.

On the 14th day of January, 1873, the Governor assuming and taking for granted that the office of Superintendent of Public Instruction was vacant in consequence of the death of James Reid aforesaid, attempted to appoint the relator, by granting to him a commission in due form to fill said supposed vacancy in said office.   On the 15th day of January, 1873, the said Battle took the oaths prescribed by law for such office, and notified the defendant that he would be ready to take charge of said office on the next day.   On the 16th day of January, 1873, the said Battle demanded the surrender to him by the defendant of the said office, with all the books, papers and property of every kind whatsoever belonging thereto.   This the defendant refused to do, and declared his purpose to hold said office, and all property pertaining or belonging thereto.

The questions submitted to the Court in this case are :

1. Is the defendant, Alexander McIver, lawfully entitled to hold and exercise the said office?

2. Is the relator, Kemp P. Battle, entitled, according to law, to recover the office of Superintendent of Public Instruction of the defendant?

Judgment to be rendered for the relator or the defendant, according as the opinion of the Court shall be in favor of the relator or otherwise.

The opinion of his Honor being in favor of the defendant, judgment was rendered accordingly, from which the plaintiff appealed.

*Batchelor, Edwards & Batchelor,* for appellant.
*Fowle* and *Bailey,* contra.

READE, J. Consider the case as if Ashley had not resigned. His term would have expired January 1st, 1873, if his successor had been elected and qualified. As his successor was not elected and qualified, he would have held over. Con., Art. III., sec. 1.

Up to January 1st, 1873, he would have held, as filling his own term, and after that time as holding over for the election and qualification of his successor.

As Ashley did resign and the defendant, McIver, was put in his place, he was put in his place to all intents and purposes; and up to January 1st, 1873, filled the vacancy caused by Ashley's resignation, and after that time as holding over for the election and qualification of his successor.

How long he may be entitled to hold over, or, when and how his successor is to be " elected and qualified," may be beyond the purposes of this decision; but it would seem that it will be only until the people can elect his successor at the " next general election," to-wit : August, 1874. Art. 3, ss. 1 and 13.

It has been suggested, that as the term for which Mr. Reid was elected was four years from and after January 1st, 1873, and as the defendant, Mr. McIver, is in to fill the vacancy caused by Mr. Reid's failure to qualify, he is in Mr. Reid's place to all intents and purposes, and is entitled to hold for the whole four years. But the Constitution is express, that McIver shall hold only until the next election, " and the person then chosen shall hold the office for the remainder of

the unexpired term fixed in the first section of this Article," to-wit : four years from January 1st, 1873. Art. 3, s. 13.

It has been suggested, that the Governor, instead of appointing Mr. Battle, or allowing Mr. McIver to hold over, ought to have nominated some one to the Senate to fill the vacancy on January 1st, 1873. The answer is, that the Governor never nominates to the Senate to fill vacancies. He does that *alone,* in all cases. But where officers have to be appointed to fill a regular term, then he nominates to the Senate, unless it be an officer who is elected by the people, and then he never nominates to the Senate, but fills the vacancy or term by his own appointment (unless there is an officer holding over), until the people can elect, as in this case.

Besides the provisions in the Constitution already quoted, we refer to the numerous authorities cited by defendant's counsel, which were to the point and conclusive. See, also, *People* v. *Bledsoe* et al. and *People* v. *McKee* et al., at this term.

There is no error.

PER CURIAM.                     Judgment affirmed.