STATE ex rel M. H. HOLT v. L. A. BRISTOL.

(Decided May 17, 1898).

*Office—Vacancy in Office—Appointing Power of Governor—Qualification by Appointee.*

1. Under Chapter 399, Acts of 1891, plaintiff was elected a director of the N. C. School for the Deaf and Dumb for the term of six years and until his successor should be elected and qualified. The General Assembly of 1897 failed to elect a successor to plaintiff but the Governor of the State, assuming that there was a vacancy, appointed the defendant to fill the same. *Held*, that the appointment by the Governor was invalid since there was no vacancy as contemplated by Section 3320 of *The Code*.

2. In such case, the fact that the defendant appointee was qualified and inducted into the office did not of itself terminate the office of the plaintiff since both an election by the Legislature and a qualification of the successor were required to effect such termination.

CIVIL ACTION by the State of North Carolina on the relation of M. H. Holt to try the title to the office of director of the North Carolina School for the Deaf and Dumb, heard before *Timberlake, J.*, at February Term, 1898, of WAKE Superior Court, on complaint and demurrer. The complaint was as follows:

"The plaintiff complaining of the defendant, alleges:

1. That the North Carolina School for the Deaf and Dumb is a quasi corporation duly organized and existing under the laws of this State, to-wit, under Chapter 399 of the Laws of 1891.

2. That on the — day of March, 1891, the relator, M. H. Holt, was duly elected a director of said corporation for the term of six years, beginning on the — day of March, 1891, and until his successor should be elected and qualified, and he was duly admitted as a member of the Board of Directors and entered upon the discharge of his duties and continued to act as such director until the time hereinafter stated.

3. That the General Assembly at its session of 1897 failed to elect any successor to the relator; but after the adjournment of the General Assembly the Governor undertook to appoint the defendant, L. A. Bristol, to fill the office filled by the relator, and this on the theory that there was a vacancy in said office, and he was in law entitled to fill the same.

4. That the defendant, L. A. Bristol, accepted the said appointment, and was recognized by the Board of Directors of said corporation as a director thereof, and has continued since to act as such.

5. That the defendant, L. A. Bristol, has wrongfully usurped and entered into such office, and has unlawfully and wrongfully excluded the relator of the plaintiff therefrom, and upon demand has refused to surrender said office to said relator.

Wherefore, the plaintiff demands judgment that said defendant be ousted from said office and he be adjudged entitled to the possession thereof; for such other and further relief as may be just, and for costs."

The defendant demurred because the complaint did state facts sufficient in law for the plaintiff to maintain his action. The demurrer was sustained and plaintiff appealed.

*Mr. R. O. Burton*, for plaintiff (appellant).

*Messrs. Avery & Strong* and *J. C. L. Harris*, for defendant.

FURCHES, J.: The Legislature of 1891, Chapter 399, established a school for the white deaf and dumb of North Carolina, at Morganton. The plaintiff alleges in his complaint that in March, 1891, he was duly elected a director of said school, under said Act establishing the same, for a term of six years and until his successor should be elected and qualified; that the term of six years expired in March, 1897, but the Act provides that his successor shall be elected by the Legislature; and the Legislature having failed to elect his successor, his term is extended—that he holds over—and is the rightful occupant of said office; that as he was the rightful and legal occupant of said office, there is and has been no vacancy in said office, since his election thereto, in March, 1891. But the Governor, supposing said office to be vacant on account of the Legislature's failing to

elect, and six years from the date of his election having expired, appointed the defendant to fill this supposed vacancy; that under this appointment of the Governor, the defendant has taken possession of said office and now wrongfully holds the same, exercising its powers and functions and receiving the fees and emoluments thereof.

To this complaint the defendant demurs upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

It is contended by the plaintiff that there was no vacancy for the Governor to fill, and that, if there was a vacancy, it was not such a vacancy as the Governor had the power to fill; that it was not a vacancy caused by "death, removal or otherwise" leaving an *unexpired* term to be filled by the Governor.

But we are of the opinion that, if there was a vacancy, the Governor had a right to fill it under the provisions of the Act of 1891 establishing the school, and under Section 3320 of *The Code*. *Battle* v. *McIver*, 68 N. C., 467.

But the Governor only had the right to appoint when there was a vacancy, and not the right to appoint a successor before the office was vacant, whose qualification would end the term of the incumbent at any time after his six years had expired. This the Legislature could do, as it was the primary source of power of electing directors. The Legislature created the office of director in this institution, and fixed his term of office at six years and until his successor should be *elected* and qualified. It could as well have fixed it at eight years or ten years, as at six years. But it was fixed at six years, when it was to terminate, provided a successor had been *elected* and qualified. The very

object of this provision, that the person elected should hold over until his successor should be *elected* and qualified, was to prevent a *vacancy* until such *election* and qualification should take place.

If this be true, as it seems to us that it must be, there was *no vacancy*, in the office of director to be filled, when the Governor appointed the defendant. And as there was no vacancy, the Governor had no power to appoint the defendant, and his appointment being without authority, the fact that defendant was qualified and inducted into office did not, of itself, terminate the office of the plaintiff, as it required both an election (which we must take to be by the Legislature) and a qualification by the successor to do this. This view of the case is sustained by *Battle* v. *McIver, supra.*

This case comes before us on complaint and demurrer, and we decide it as we understand the law arising upon the pleadings. But we do not suppose the *plaintiff* or *defendant* feels much interested in the case. The plaintiff, it seems, did not commence his action for about a year after he alleges he was wrongfully ousted of his office; and though it seems he prayed an appeal at February Term when the case was tried, he gave no bond for the appeal until April Term. The defendant filed no answer, but filed a general demurrer. If he had filed an answer setting up the plaintiff's abandonment, facts might have developed, that might have presented another question for our consideration, under the decision of this Court, in *Williams* v. *Somers,* 18 N. C., 61 and *Ward* v. *Elizabeth City,* 121 N. C., 1.

There is error in the judgment of the Court and the plaintiff is entitled to the relief demanded.

Error.