No. 43.—ELI McCONNELL plaintiff in error *vs.* MARY RHODES defendant.

[1.] Upon the trial of a claim, the plaintiff in execution read in evidence a deed from R. as administratrix of the defendant in execution made to B. upon a sale of the property in dispute, by an order of the Ordinary; also a deed to the property from B. to the claimant. One of these deeds was produced under a *subpoena duces tecum,* and the other under a notice to the claimant: *Held,* that the plaintiff in execution had not made out a *prima facie* case, and the *onus* was not shifted.

Claim in Cherokee Superior Court. Tried before Judge IRVIN, April Term, 1853.

This cause arose out of a levy by the Sheriff on a lot of land, by virtue of a *fi. fa.* issued in 1842 in favor of Eli McConnell *vs.* Ira Ragsdale deceased. The land was claimed by Mary Rhodes, who was in possession at the time of the levy. On the trial, the plaintiff in *fi. fa.* introduced the *fi. fa.,* showing the levy, and then a deed brought into Court by Daniel H. Bird under a *subpoena duces tecum* at the instance of the plaintiff, which purported to be a deed of Susan Ragsdale, Administratrix of Ira Ragsdale, dated March 17, 1850, conveying the land in question to said Bird, as purchaser at administrator's sale, regularly had under order of the Court of Ordinary. The plaintiff in *fi. fa.* then introduced a deed dated 26th March, 1850, from Bird to the claimant, conveying said land, which was produced by the claimant, in obedience to a notice to that effect. The plaintiff here closed and the claimant offered no testimony.

The evidence being thus closed, the counsel for the plaintiff

in *fi. fa.* asked the Court to charge the jury, that the plaintiff having shown a regular chain of title from the defendant in *fi. fa.*, Ira Ragsdale, to Mary Rhodes the claimant, by deeds regularly proven and recorded in the clerk's office, that she, the claimant, was estopped from denying the title of Ragsdale the defendant.  That the issue to be tried in a claim case was whether or not the property was subject as against the claim set up by the claimant, and that he, the plaintiff in *fi. fa.*, having shown a regular chain of title from the defendant in *fi. fa.* into the claimant, he had made out a *prima facie* case, and had cast the *onus* upon the claimant, and that she having introduced no evidence, the plaintiff was entitled to recover.  The Court refused so to charge, but charged the jury : that it was a rule of law as contended for by plaintiff's Counsel, that where two persons each derived title through the same third person, neither of them would be permitted to dispute the title of such third person, but that that principle of law was not applicable to the state of facts made by the evidence in this case; that the deeds read in evidence in this case were not introduced in evidence by the claimant; that they were brought into Court by the claimant, and by the said Bird, under a notice and a *subpoena duces tecum*, at the instance of the plaintiff in *fi. fa.*, and that they were introduced and read in evidence by the plaintiff in *fi. fa.* and not by the claimant.  That the plaintiff in *fi. fa.* had failed to show that the defendant in *fi. fa.* had been in possession of the lot of land since the date of the judgment.  And that the deeds read in evidence were not sufficient *prima facie* evidence of title in the defendant in *fi. fa.* as against the claimant to entitle the plaintiff to recover.

The Court further charged the jury that it appeared from the deeds read in evidence by the plaintiff in *fi. fa.* that said lot of land had been regularly sold by the said Susan Ragsdale, administratrix of the said Ira Ragsdale, deceased, by virtue of an order of the Court of Ordinary of Cherokee County, which was a Court of competent jurisdiction, and had authority to pass such order ; that said lot of land had therefore been regularly sold by authority of law under an order of said Court.  And

·that the purchaser of said lot, at said sale, was protected from the lien of plaintiff's judgments on said lot of land ; and that the plaintiff must look alone to the proceeds of said sale in the hands of the administratrix for his satisfaction.   To which refusal to charge and charge as given, the counsel for the plaintiff in *fi. fa.* excepted.   The jury returned a verdict finding the property not subject.   And counsel for the plaintiff in *fi. fa.* excepts, and says : that the Court erred in refusing to charge as requested by the plaintiff in *fi. fa.*, and in charging the jury as herein before set forth.

UNDERWOOD for plaintiff in error.

BIRD, represented by PEEPLES and HULL, for defendant.

*By the Court.*—NISBET J. delivering the opinion.

[1.] The evidence relied upon by the plaintiff in execution was forced out of the claimant at his instance for his use.   It was not before the Court by the claimant's consent.   It does not appear that her title is derived alone from the defendant in execution.   *Non constat* but that she has and will rely upon other title and better title.   The rule therefore that a party is estopped from denying the title under which both litigants claimed, does not apply.

The plaintiff in execution had not shifted the onus.

The question whether the plaintiff's judgment lost its lien on the property by the administration of it, and he is not remitted to his remedy against the administratrix, this Court prefers not now to decide, because not necessary.   The judgment below would be affirmed upon the ground above stated, if the presiding Judge erred on this question.   It is a serious question and requires farther consideration.

Let the judgment be affirmed.