Henry S. Wimberly, trustee, plaintiff in error, *vs.* Needham W. Collier, defendant in error.

1. Where there is no evidence that the defendant was in possession of property before or after the judgment was rendered against him, and no title was shown in him, the fact that he conveyed the same by deed subsequent to said judgment, and possession was taken thereunder by the vendee, does not render the property liable thereto.
2. An immaterial error is no ground for new trial.

Claim. Judgment. Title. New trial. Before Judge STRO-ZIER. Dougherty Superior Court. April Term, 1873.

For the facts of this case, see the decision.

H. MORGAN, for plaintiff in error.

VASON & DAVIS; R. F. LYON, for defendant.

WARNER, Chief Justice.

This was a claim case, and on the trial thereof in the Court below, the jury found a verdict in favor of the claimant. A motion was made for a new trial on the several grounds set forth in the record, which was overruled, and the plaintiff excepted. It appears from the evidence in the record that the plaintiff obtained a verdict on the trial of a case at common law against the defendant, Collier, upon which verdict judgment was signed and dated 11th June, 1857. An appeal was taken from that common law verdict, and the case was tried on the appeal, a verdict rendered, and judgment signed thereon at the December term of the Court, 1866. An execution issued upon this last and final judgment, and was levied upon the property in dispute as the property of Collier, which was claimed by Rust, who claimed it under a chain of title derived from Collier, under a deed executed by him to Moughon, dated 29th June, 1860. The plaintiff in the execution sought to make the property levied on subject thereto, on the ground that all the property of Collier was bound from the signing of the judgment on the first common law verdict, so far as to prevent an alienation of the same. The Act of 19th December, 1822, (Cobb's Digest, 496,) declares that when an appeal is entered from the first verdict, the property of the party against whom the verdict was rendered, shall not be bound, except from the signing of the judgment on the appeal, except so far as to prevent the alienation by the party of his, her or their property, between the signing of the first judgment and the signing of the judgment on the appeal. There is no evi-

dence in the record that the property levied on was ever in the possession of Collier before or after the signing of the first judgment on the common law verdict on the 11th of June, 1857, and no title to the property was shown to have been in him before or at that date.    But it is said that inasmuch as Collier conveyed the title to the property to Moughon in June, 1860, and he and his son-in-law, Taylor, took possession of the property from Collier, under that deed, the Court should presume that the property was Collier's property on the 11th June, 1857, when the judgment was signed on the first verdict.    This Court cannot legally make such a presumption from the facts, for it may well have been that Collier purchased the property subsequent to the time of the signing the judgment in 1857, and that judgment only prevented him from alienating such property as he *then* had.    There being no evidence in the record going to show that the property levied on was the property of Collier, the defendant in execution at the date of the signing of the judgment on the first verdict in June, 1857, the verdict in favor of the claimant was right under the law and facts of the case, notwithstanding the Court may have committed some errors in its rulings at the trial.

Let the judgment of the Court below be affirmed.