## KNOWLES vs. JOURDAN, for use.

1. To change the *onus* from the plaintiff in execution to the claimant in a claim case, the plaintiff must show either title in the defendant in *fi. fa.*, or possession in him since the date of the judgment.
2. It is not sufficient to show a deed from defendant to another since the judgment, or title out of him; it must be shown in him, if possession is not shown to have been in him or those holding under him since the judgment.
3. To authorize the grant of a new trial on the ground of newly discovered testimony, the movant must show diligence; and when it appears that the levy was made in 1873, and the trial not had until 1878, and that the evidence newly discovered concerned only the possession of the land in the tenant of defendant after judgment—a thing in its nature notorious—and that this was discovered from three witnesses who lived in the county, and were always accessible, and that no reason or excuse is given for the want of preparation of the case and the not having these witnesses to testify on the trial: *Held*, that the diligence which the law requires has not been exercised, and a new trial on account of the discovery of such evidence from witnesses so accessible, should not have been granted.

Claim.    New trial.    Before Judge Tompkins.    Pierce Superior Court.    March Term, 1878.

Jourdan, for use, etc., had certain land levied on. Charlotte Knowles claimed it. On the trial, the court non-suited plaintiff in *fi. fa.* He moved for a new trial on the ground that this was error, and also because of newly discovered evidence. The motion was overruled and he excepted.

For the other facts, see the opinion.

Goodyear & Harris; Geo. B. Williams, for plaintiff in error, cited as follows: Motion for new trial not perfect nor in time. Rule of supreme court, 49; 1 *Kelly*, 252; 5 *Ga.*, 399; 23 *Ib.*, 493; 7 *Ib.*, 436; 60 *Ib.*, 123; 46 *Ib.*, 156; 48 *Ib.*, 425; 57 *Ib.*, 207; 55 *Ib.*, 458. On newly discovered testimony, 16 *Ga.*, 33; 33 *Ib.*, 24; 34 *Ib.*, 110; 9 *Ib.*, 4; 12 *Ib.*, 500; 14 *Ib.*, 313; 41 *Ib.*, 446; 10 *Ib.*, 511. On the evidence, 14 *Ga.*, 313; 6 *Ib.*, 410; 7 *Ib.*, 495; 46 *Ib.*, 629; Code, §3796.

Jno. C. Nicholls, for defendant.

Jackson, Justice.

In this case the plaintiff in execution failed to show title in the defendant in execution, or possession in him since the date of the judgment, whereupon he was non-suited and the levy was dismissed. Thereupon he moved for a new trial upon the ground of error in the non-suit, and upon the further ground of newly discovered testimony. The court below granted the new trial, and the claimant excepted, and assigns for error the judgment granting the new trial on either ground.

1. The court did not err in non-suiting the plaintiff and dismissing the levy upon the facts disclosed in the record, and therefore the new trial should not have been granted on that ground. The plaintiff, it will be observed, showed possession in defendant in *fi. fa.* for several years—but not enough to presume title by prescription—up to Christmas, 1869, and title out of defendant in *fi. fa.* and wife of homestead in the land levied on, in July, 1870. The date of the judgment was in February, 1870, therefore no possession after judgment was shown, and if possession be relied on to cast the *onus* on the claimant, possession in defendant after judgment is necessary. Indeed the Code declares that *at the date of the levy* there must be such possession to change the *onus.* Code, §3739. But this is codified from Cobb's Digest, p. 533, being the act of 1821. Since that act this court, however, uniformly held that possession after the date of the judgment would cast the *onus,* and such is the uniform construction thereof, 6 *Ga.,* 410 ; 14 *Ga.,* 313 ; 13 *Ga.,* 545, etc., etc.

2. But if defendant had title, and the plaintiff showed that, of course it would cast the *onus.* The plaintiff did not show title in the defendant, but out of him, in that he showed a sale to Buchanan by husband and wife of a homestead. Title out of defendant would not do, if it had been made by him alone, and so it has been held since, 14 *Ga.,* 313.

But here, title to a homestead passed out of defendant in *fi. fa.* and wife; therefore they must have had a homestead before they could convey one, and if they had such homestead before this judgment, the land was not subject unless the debt was anterior to 1868, of which there is no positive proof in the record. It is enough, however, that land cannot be condemned as the property of defendant in *fi. fa.* by showing title out of him. Therefore the *non-suit* was right, neither possession nor title since the date of the judgment being shown in the defendant in *fi. fa.*

3. In regard to the newly discovered evidence, we think that the plaintiff in *fi. fa.* has not shown that diligence which the law requires. The land was levied on in 1873, the trial was had in 1878, the plaintiff announced ready, and showed possession only to Christmas, 1869; that possession was in defendant, and after him in his father-in-law, up to Christmas of 1869, when he, the father-in-law, was killed. The newly discovered evidence is all from witnesses in the county, and goes to show possession in the son of defendant after his father-in-law died. One of the witnesses by whom it is to be proved, was in attendance at court, and the other two in the county and accessible. No reason at all appears in the affidavit, either of counsel or party, why they were not subpœnaed and at the court, and no explanation appears in the record of the want of diligence which the law requires in case of application for new trial on the ground of newly discovered testimony. There must be an end of litigation; and parties must not put the county to the expense of two trials, when it is their negligence that makes the last necessary. See 41 *Ga.*, 426; 42 *Ga.*, 462, etc., etc.

Reluctant, therefore, as we are to interfere in the grant by the presiding judge of a new trial, yet when the questions are purely questions of law, and the judgment is wrong thereon, as we think is the case here, we feel constrained to interfere; and therefore we reverse the judgment which awarded the new trial in this case.

Judgment reversed.