### BARLOW *v.* JONES.

Where the owner of land rents it to a tenant who sublets a portion of it for a specific price, the landlord may elect to treat the subtenant as his own tenant and proceed against him directly by distress warrant and subject the crop raised on the premises by the subtenant to the payment of the rent; and this is true notwithstanding the subtenant has given his note for the rent agreed upon to the principal tenant, who has transferred such note to a third person.

Submitted February 13, — Decided March 17, 1903.

Certiorari. Before Judge Evans. Washington superior court. May 10, 1902.

*E. W. Jordan*, for plaintiff, cited Civil Code, § 2795 ; 64 *Ga.* 482; 81 *Ga.* 53; 93 *Ga.* 282; 38 *Ga.* 261; 44 *Ga.* 247; 100 *Ga.* 129.

*Rawlings & Howard*, for defendant, cited Civil Code, §§ 3115, 3116 ; 40 *Ga.* 519 ; 44 *Ga.* 247 ; 46 *Ga.* 394, 427 (2) ; 52 *Ga.* 126 (2) ; 54 *Ga.* 298-9 ; 65 *Ga.* 493 ; 72 *Ga.* 35.

SIMMONS, C. J. It appears from the record that Barlow was the owner of certain land which he rented to Brantley for a stipulated rental of eight bales of cotton. Brantley sublet a portion of the premises to Jones, the latter agreeing to pay Brantley 900 pounds of cotton as rental for this portion. Brantley was unable to pay the rent to Barlow, but turned his whole crop over to him. This crop, consisting of eight bales of cotton, was sold, and the proceeds of five bales applied to the payment of the rent, the proceeds of the other three bales being applied to the payment of a debt for supplies which had been furnished Brantley by Barlow. Barlow, not having been fully paid on his account for rent, as he

claimed, had a distress warrant issued against Jones, and had it levied upon 900 pounds of cotton, the amount which Jones had agreed to pay Brantley. Jones filed a counter-affidavit, and the case was tried before a jury in a justice's court. Barlow testified substantially to the facts above set forth. Jones testified that he owed the rent but had given his note in payment thereof to Brantley, and that Brantley had transferred this note to Fowler for supplies. A verdict was returned in favor of Jones. Barlow sued out a writ of certiorari, alleging that the verdict was contrary to law and the evidence. At the hearing in the superior court the judge overruled the certiorari. Barlow excepted.

Where in this State a landlord rents land to a tenant and the latter sublets a portion of the land to another, the landlord may elect to treat the subtenant as his own tenant and proceed against him by distress warrant, to be levied upon the crop to be grown upon the premises. When the landlord elects to make the subtenant his own tenant, this election establishes a relation of landlord and tenant, and wherever that relation exists a distress warrant will lie. The relation of landlord and tenant existing, the landlord has a lien upon the crops grown upon the premises, superior to any other lien except that for taxes. No lien, contract, or obligation made by the tenant can deprive the landlord of his lien upon the crops grown on his land. If, therefore, Jones in this case had given Brantley a note for the rent agreed upon between them, this would not be superior to Barlow's special lien for rent. Whenever a subtenant rents from the principal tenant and knows that the premises rented belong to another, he takes the risk of the principal tenant's failing to pay the rent in full, and the landlord's electing to treat such subtenant as his own tenant. If he contracts obligations or gives liens upon his crops, he does so with the knowledge that he may be held liable to the landlord, at least for the crop raised on the premises, if the principal tenant fails to pay. As before remarked, all the contracts or liens he creates as a subtenant must be subordinate to the lien of the landlord for rent, in case the landlord elects to treat him as tenant.

The record in this case does not disclose what the defense of Jones really was. Neither the distress warrant nor the counter-affidavit was sent up. The record contains only the evidence. This shows that Jones had given a note to Brantley for the rent,

and that the latter had transferred it.    Jones may have some rights which this record does not disclose.    For instance, if the note he gave Brantley was not negotiable and this cotton is sold to pay the rent of the landlord, Jones could not be held liable on the note, as was determined in *Thompson* v. *Guano, Co.*, 93 *Ga.* 282.    Or, if Barlow received the eight bales of cotton which Brantley agreed to pay him as rent for the entire place, and he appropriated part of this cotton to another debt, perhaps Jones might have a defense under the principle ruled in *Cofer* v. *Benson*, 92 *Ga.* 793.    Of course we do not know what the real facts are; and these are mere suggestions.      *Judgment reversed.*    *By five Justices.*