## MORRISON *v.* HART.

1. A negotiable note given by one person to pay another a certain amount at a fixed time, for the performance of personal services in the future, is valid and binding upon the maker. The promise to pay and the promise to perform the services are sufficient consideration.
2. A plea of total failure of consideration filed to an action upon such note is not good when the time for the performance of the services has not expired, although the note has matured.
3. To a suit on the note brought by a purchaser who bought before it was due, the maker can not successfully defend unless he shows that the purchaser had notice of some "defect or defense" at the time he bought, or that the circumstances were sufficient to "place a prudent man upon his guard."
4. An examination of the record shows that the purchaser, at the time he bought the note, had no notice of any defect or defense, and that there were no circumstances sufficient to put a prudent man on his guard.

Argued March 10, — Decoded March 27, 1905.

Complaint. Before Judge Cann. Chatham superior court. December 6, 1904.

*Hitch & Denmark* and *Emile Newman*, for plaintiff in error.
*Osborne & Lawrence*, contra.

SIMMONS, C. J. In the early part of 1902 the Sprague Mercantile Agency, of Chicago, Ill., sent an agent to the city of Savannah. It appears that the business of this mercantile agency was to collect for merchants doubtful and insolvent claims. After frequent visits and much persuasion the representative of this agency induced Hart, the defendant in error, to enter into a contract under the terms of which Hart promised to pay the agency $100, and gave his note payable to the agency or order, due six months after date. The Sprague Company, through its said agent, gave to Hart a written paper, or certificate, wherein it acknowledged to have received a retainer fee of $100, for three years service from date, entitling the holder to participate in all the benefits and privileges of the agency in "Class A" during said period, provided Hart would in good faith perform the duties and obligations incident to such service by sending a list of accounts, notes, etc., to the "Home Office" within sixty days. The company further agreed to collect, over and above the amount paid as retainer fee and commissions, at least $500 in cash from the claims of Hart within the time specified (three years), and if it failed to collect that amount within three years Hart should be entitled to the full use of its services until such amount was collected. There are other promises and stipulations in the certificate, which it is not necessary to mention. Hart sent notes and accounts to the agency amounting to over $1,100; and not hearing from it he demanded his note returned. How long he waited to hear from the agency before writing for his note does not appear. He testifies that in reply to his demand for the note the officers of the agency denied having such a note. The record discloses that the reason they did not have the note was, that, after receiving it from Hart, the agent in Savannah sold it to Morrison, the plaintiff in error. When the note fell due Morrison deposited it in a bank for collection. Hart refused to pay, and Morrison brought his action on the note in a justice's court. To this action Hart filed a plea that the note was "made without consideration; that

it was given to the Sprague Mercantile Agency for services to be performed [by it]; that the Sprague Mercantile Agency, for the sum of money named in said note, agreed, for a period of three years, to handle the collections of this defendant, and to attend to the same actively, honestly, and energetically; that it failed to do so, and rendered the defendant no services whatsoever, and the consideration of the note has entirely and completely failed." Further, he pleaded that at the time Morrison purchased the note he had notice that the consideration for the note had failed, and that "the said note was given for services to be performed, and that the said services had not been performed and were not going to be performed." This plea was filed February 7, 1903. The magistrate entered judgment in favor of the plaintiff, and Hart appealed to the superior court. On the trial of the case in that court the jury returned a verdict in favor of Hart. Morrison made a motion for new trial, which was overruled, and he excepted. The grounds of the motion for a new trial were that the verdict was contrary to the law and the evidence.

1, 2. According to the plea filed by Hart, he seems to have relied upon the fact that the note was void or invalid because it was given for services to be rendered in the future. There can be no doubt, in our opinion, that such a note is valid and binding. The promise of Hart to pay the hundred dollars as a retainer fee, and the promise of the mercantile agency to perform the services within three years were sufficient consideration to bind Hart. The mere failure of the agency to perform its part of the contract within a few weeks or a few months did not make the consideration void. Nor could the mere failure to produce results on the first batch of insolvent notes and papers sent it by Hart render the consideration void. We imagine it would be quite a difficult matter for the most expert collector to take a batch of insolvent notes and judgments, of the face value of $1,100, and produce results within a few months. The obligation of the agency was to collect at least $500 for Hart out of his insolvent notes and papers within three years, provided Hart would send it a sufficient amount of paper from time to time out of which to make such collections. When Hart got no results from his first batch of papers he undertook to rescind the contract by demanding the return of his note. This, of course, was too early for him to

make a rescission; for the time had not expired in which the agency was to collect the $500. In fact a year had not elapsed from the time of the giving of the note until this suit was filed. The agency still had over two years to comply with its part of the contract. It may be that the mercantile agency is a swindling concern, as claimed by Hart. The country is frequently infested by the agents of such concerns, who shrewdly work upon the weak and credulous, get their promissory notes, and dispose of them before they are due; but nevertheless such credulous citizens have to pay when the notes are in the hands of bona fide holders.

3, 4. We now come to the next point in the case, i. e., admitting, for the sake of argument, that the consideration had failed, whether Morrison, who purchased the note before it was due, had notice that Hart had any defense or any reason why he should not pay the note. We have closely read the evidence twice, and can find no proof going to show that when Morrison purchased the note he knew either that the consideration had failed, that there was no consideration, or that there were circumstances which were sufficient to put him, as a prudent man, upon his guard. He purchased the note a few days after it was signed. It is true that he had purchased others before that, but there is no evidence that he had heard any complaint from the makers of these other notes before he bought Hart's, or that he knew that the mercantile agency was not performing its part of the contract. Hart contends that Morrison admitted to him that the agency was a fraud; but the evidence does not show that Morrison knew this fact, if it is a fact, when he purchased Hart's note. If he was a bona fide purchaser at the time he took the note, but learned subsequently that it was a fraudulent scheme, he would still be entitled to collect the note. It is unnecessary to pursue this argument further, because we think we have shown that there was no failure of consideration at the time the note was sued upon and the plea filed, and that it would have been good even if in the hands of the mercantile agency at that time. Hart having shown no legal reason why he should not pay the note, we think the verdict was without evidence to support it, and that the court below erred in not setting it aside.

*Judgment reversed. All the Justices concur.*