## 1241.   SIMMONS *v.* COUNCIL.

1. The fact that the consideration of a promissory note, otherwise nego-tiable, is expressed in the note does not affect its negotiability, unless the consideration as therein expressed is a gambling, immoral, and il-legal consideration.
2. "The fact that the consideration of a note is set forth on its face does not carry with it notice of the failure of consideration, if it has failed, to a person taking it bona fide; nor is he ipso facto put upon inquiry and bound to inquire whether the consideration has failed."
3. Whenever a subtenant rents from the principal tenant with knowledge that the premises rented belong to another, and gives to the principal tenant his negotiable promissory notes for the rent, he takes the risk that the notes may be negotiated, and the landlord may elect to treat the subtenant as his tenant.
4. Failure of consideration can not be set up as a defense to a negotiable note, by the maker thereof, against one who holds the note bona fide and for value before maturity.
5. The undisputed facts showing that the plaintiff was the bona fide holder for value, before maturity, of the notes sued on, the direction of a verdict in his behalf was proper.

Complaint, from city court of Americus—Judge Crisp.   April 27, 1908.

Argued July 17,—Decided December 23, 1908.

Council brought suit against Simmons on eight promissory notes,

signed by the defendant, payable to the order of T. R. Cohn, and indorsed by Cohn, each for $20 and due thirty days after date. The following is a copy of one of the notes: "$20.00. January 1st, 1906. 30 days after date, I promise to pay to the order of T. R. Cohn twenty dollars, at Americus, Georgia Value received, for store rent at 205 Cotton Avenue. W. S. Due February 1st, 1906. [Signed] J. J. Simmons." Indorsed: T. R. Cohn. All the other notes are the same, except as to date and maturity. The defense was, that the plaintiff was not an innocent purchaser of the notes; that the facts and circumstances connected with his purchase of the notes were sufficient to excite his attention and put him upon inquiry; that the notes themselves showed that the consideration was liable to fail; that the consideration had wholly failed, in that they were given by the defendant to the payee, Cohn, for the rent of the store mentioned in them, that Cohn himself was a tenant of the premises, and had sublet the same to him, and did not pay the rent of the store to the owners thereof, and that the owners thereupon elected to recognize the defendant as their tenant and demanded the rent from him, and he paid it to them in order to retain possession. A demurrer to this plea was overruled. The evidence for the plaintiff, besides the notes themselves, was his own testimony that he had bought them from the payee, Cohn, before the maturity of the first note, paying him $200 for them, and that Cohn indorsed them to him before maturity; that he did not take them from Cohn as collateral security for a pre-existing debt, but paid outright for them, and was a bona fide holder, without notice of any defect or defense that could be set up by the maker; that Simmons, the maker, in response to his inquiry, told him, before he purchased the notes from Cohn, that they were valid and he would pay them when due, and Simmons subsequently paid to him four of the notes as they fell due; that at the time he purchased the notes Cohn was solvent and was living in Americus; that Cohn afterwards became insolvent, and he did not know where he was; that at the time he bought the notes from Cohn he had no knowledge of the ownership of the building for the rent of which the notes were given. The defendant testified, that he gave the notes to Cohn in payment of the rent of the storehouse mentioned in the notes, he being a subtenant of Cohn, who had rented the store from the owner thereof; that he paid four of the

notes to Cohn, and that he refused to pay the other notes to the plaintiff, because Cohn had not paid the rent to the owner of the storehouse, and the owner had accepted him as tenant; that he paid the rent to the owner in order to retain possession. At the conclusion of the evidence the court directed a verdict for the plaintiff; and this is the error assigned.

*James Taylor, E. A. Hawkins,* for plaintiff in error.

*J. A. Hixon,* contra.

HILL, C. J. (After stating the foregoing facts.)

There can be no doubt that the direction of the verdict for the plaintiff for the amount of the notes, with interest, was proper. The facts alleged and proved by the defendant constituted no valid defense whatever. Indeed, we think the judge would not have committed error in sustaining the demurrer to the plea. The notes sued upon were negotiable instruments, payable at a future date; they were indorsed by the payee to the plaintiff; and the law will presume, without more, that the plaintiff took them before maturity and for value, and without notice of any defect or defense that could be made by the maker. *Bothell* v. *Whitley,* 3 Ga. *App.* 755 (60 S. E. 371); *Sheffield* v. *Johnson County Bank,* 2 Ga. *App.* 221 (58 S. E. 386); *Walters* v. *Palmer,* 110 Ga. 776 (36 S. E. 79); *Parr* v. *Erickson,* 115 Ga. 873 (42 S. E. 240); Civil Code, § 3694. This presumption was not rebutted by any evidence introduced by the defendant. The only effect of the evidence in behalf of the defendant was to make this presumption of law conclusive proof against him. It is insisted by counsel for plaintiff in error that the instruments sued on were not negotiable instruments, because the consideration of each note was expressed on its face. The fact that the consideration of a promissory note, otherwise negotiable, is expressed on its face does not affect its negotiability, unless the consideration there expressed is a gambling, immoral, and illegal consideration. *Howard* v. *Simpkins,* 70 Ga. 322; *Carey* v. *McDougald,* 7 Ga. 84.

Counsel for the plaintiff in error again insists that the knowledge, by the purchaser of the notes, of the consideration thereof, as expressed on the face of the notes, was sufficient to put him on inquiry as to the consideration and the probability that it might fail. This position is not sound, and is not supported by any authority cited by counsel. It is perfectly well settled that the knowledge of

the consideration of a negotiable promissory note, by the purchaser thereof for value before maturity, is not sufficient to charge him with notice of failure of consideration. *Hudson* v. *Best,* 104 *Ga.* 131 (30 S. E. 688) ; *Morrison* v. *Hart,* 122 *Ga.* 660 (50 S. E. 471) ; *Bank of Commerce* v. *Barrett,* 38 *Ga.* 126 (95 Am. D. 384). The only exception to this general rule is the one made in this State where notes are given for patent rights and the consideration is expressed in the body of the note; in which event the purchaser must inquire or take the risk. This exception is only by virtue of the statutory provision. *Parr* v. *Erickson,* supra.

It is also insisted by counsel for the plaintiff in error, that the purchaser of these notes knew at the time of the purchase that the maker was a subtenant of the payee, and, as the payee was insolvent at that time, that the subtenant would be called upon to pay the rent to the owner; and that he was therefore by equity discharged from the payment of these rent notes. These facts were not shown by the evidence; but, conceding them to be true, they do not constitute any defense. The defendant gave his promissory notes, negotiable instruments, to the principal tenant. He took the risk, in doing so, that the principal tenant might fail to pay the rent to the landlord, and that these negotiable instruments might fall into the hands of innocent purchasers. *Barlow* v. *Jones,* 117 *Ga.* 412 (43 S. E. 690).

We are clear, under the facts of this case, most favorably considered for the plaintiff in error, that the defendant in error was an innocent holder of these negotiable promissory notes before maturity, and without notice of any defect or defense, and that the direction of the verdict for the full amount of the notes, with interest, was the inevitable legal result.      *Judgment affirmed.*