2804.   SASSER, assignee, *v.* BYRD *et al.*

In a claim case, where the plaintiff in fi. fa. proved that the defendant in fi. fa. was in possession of the property levied upon and exercising own ership thereof just before the levy was made, this was sufficient to make out a prima facie case and to shift the burden of proof; for the presumption is that when title is proved to exist in a certain person. it remains in him until the contrary is shown

DECIDED FEBRUARY 15, 1911.

Levy and claim; from city court ot Douglas—Judge Roan.   November term, 1909.

*Eason & Bull*, for plaintiff.   *Lankford & Dickerson*, contra.

HILL, C. J.   This was a claim case in which the court directed a verdict for the claimant, because the plaintiff in fi. fa. failed to make out a prima facie case. This judgment is here on exceptions made by the plaintiff in fi. fa. After introducing the fi. fa., with the entry of levy thereon, the plaintiff in fi. fa. proved that the goods levied upon were in the possession of the defendant in fi. fa. "just a while before the levy," and he was exercising ownership over them. We think this proof was sufficient to shift the burden. Where, at the time of the levy, the property levied upon is not in the possession of the defendant in fi. fa., the statute imposes upon the plaintiff in fi. fa. the burden of proof, and there are two ways · in which the plaintiff can successfully carry this burden: (1) by showing that since the rendition of the judgment the property levied on was in the possession of the defendant in fi. fa.; and (2) by proving title to the property levied upon in the defendant in fi. fa. "If such title is shown or admitted after the judgment, then the proof becomes conclusive; but if it is shown to have existed in the

defendant before the judgment, it is then presumed that it remains in the defendant, until the contrary is shown." *Coleman* v. *Rice,* 105 *Ga.* 163 (31 S. E. 424) ; *Anderson* v. *Blythe, 54 Ga.* 508. "A seisin, once proved or admitted, is presumed to continue until a disseisin is proved." 1 Gr. Ev. § 42. In this case, as the plaintiff in fi. fa. proved that the defendant in fi. fa. was in the actual possession of the property levied upon, and exercised ownership thereof just a while before the levy, this was sufficient to raise a presumption of title in the defendant, and further, that it remained in the defendant. The direction of the verdict in favor of the claimant, on the ground that plaintiff in fi. fa. had failed to cast the burden, was therefore erroneous.                    *Judgment reversed.*