ALLEN *v.* CLARE *et al.*

FISH, C. J. 1. Where a claim was interposed to property levied on under an execution issued upon a judgment for costs rendered against the plaintiffs upon the dismissal of their petition, it was, in order to change the burden of proof from the plaintiffs in fi. fa. to the claimant, incumbent upon the former to show title in the defendant, or that subsequently to the rendition of the judgment he was in possession of the property. *Thompson* v. *American Mortgage Co.*, 107 *Ga.* 832 (33 S. E. 689).

(*a*) Accordingly, where upon the trial of a claim interposed by C. C. Allen to land levied upon under such an execution, as the property of Lewis J. Allen, one of the defendants, the plaintiffs introduced in evidence a certified copy of a deed executed by him subsequently to the rendition of the judgment, conveying the land to the claimant, such copy being admitted because of the failure of the claimant to produce the original upon notice and order of the court to do so, it was error for the court to direct a verdict finding the land subject, it not appearing that the defendant had ever at any time been in possession of the same. *McConnell* v. *Rhodes*, 14 *Ga.* 313; *Wimberly* v. *Collier*, 50 *Ga.* 144; *Knowles* v. *Jourdan*, 61 *Ga.* 300.

(*b*) The ruling of the court can not be sustained by reason of the fact that when the copy of the deed from the defendant to the claimant was offered in evidence by counsel for the plaintiffs in fi. fa., the judge inquired of him "if that was the deed under which the claimant claims," and the plaintiffs' counsel replied, "Yes, sir, that bears date of September 21, 1908, subsequent to the date of the fi. fa."

*Judgment reversed. All the Justices concur.*

JULY 12, 1911.

Claim. Before Judge Whipple. Ben Hill superior court. April 8, 1910.

*Haygood & Cutts,* for plaintiff in error.

*L. Kennedy* and *A. J. McDonald,* contra.