## DAWSON CONSOLIDATED GROCERY CO. *v.* HUDSON.

1. Upon the issue of whether certain property was purchased with the proceeds of property exempted as a homestead, the facts should be stated and the jury left to draw the inference, without the aid of a witness's conclusion from those facts that the consideration of the purchase of the property was the proceeds of the homestead.

2. Where the record title to land is in the defendant, who is in possession of it, and credit is extended to him on the faith of his ostensible ownership, in a proceeding to subject the land to the lien of the judgment of such creditor, where the defendant as head of his family files a claim and contends that the proceeds of certain personalty exempted as a homestead were used in the purchase of the land, the burden is on the claimant to show, not only that the land was purchased with the proceeds of the homestead, but also that the creditor had notice of it at the time he extended credit.

(a) The evidence was insufficient to affect the creditor with notice that the land was purchased with the proceeds of homestead property.

APRIL 9, 1912.

Claim. Before Judge Frank Park. Baker superior court. May 8, 1911.

*W. I. Geer,* for plaintiff.

EVANS, P. J. A fi. fa. in favor of the Dawson Consolidated Grocery Company against E. L. Hudson was levied on a one-half undivided interest in a lot of land, and a homestead claim was filed by the defendant as the head of a family. A verdict was returned in favor of the claimant; a motion for new trial was overruled, and the plaintiff excepted. The levy recited that the defendant was in possession of the land at the time of the levy. The claimant intro-

duced in evidence the original homestead granted on April 14, 1887, setting apart to him, as head of a family consisting of himself and wife, two mules and a horse, two cows and a calf, nineteen hogs, one hundred bushels of corn, one thousand pounds of fodder, four hundred pounds of bacon, a rent note, a cotton-gin and press, and household and kitchen furniture, of the aggregate value of $752. The claimant testified: that the rent note proved worthless, the cotton-gin was worn out, and the other property was used by him in farming on land owned by his wife; that in 1898 he purchased the land levied on and paid for it from the proceeds of this farm; that he had mortgaged the land as his own to another creditor; that he conducted a mercantile business, purchasing goods from the plaintiff, and during this time he owned the land levied on as well as another lot; that he never told any one he claimed the land as homestead land nor put any one on notice that it was such. The plaintiff introduced a deed to the defendant and another person to the lot of land in controversy, dated February 27, 1898, and the tax returns of these grantees for several years after their purchase, wherein the land was returned as their property. The salesman and vice-president of the plaintiff company testified that he knew of the defendant's ownership of the land, and the defendant pointed it out to him before the goods were sold. The defendant denied pointing out the land to the plaintiff's salesman.

1. After testifying that he used the horses, cows, corn, etc., set apart as a homestead, in making a crop on his wife's land, and that from the crop raised thereon by his labor with the use of the homestead property he paid for the land levied on, the claimant was allowed to testify, over objection, that though no part of the homestead property was used in paying for the land, its proceeds were so used. Where it is contended that homestead property has been converted into another form, and that the substituted property is protected by the homestead as being the proceeds of the property originally exempted, the facts should be given to sustain the contention, and their sufficiency is for the jury. Still where the facts are related by a witness as the basis of his conclusion, it would not in every case be ground for a new trial that the court allowed him to state his conclusion based on such facts.

2. The levy recited that the defendant was in possession of the land at the time it was made. The burden of proof, therefore,

was upon the claimant. There was no controversy that legal title to the land was in the defendant at the time the debt was contracted and the levy was made. The claimant admitted that he gave no notice that he used any of the proceeds of the property in the purchase of the land, and there was nothing in the evidence to impute such notice. Under these circumstances it was error to charge: "In order to find a verdict for the plaintiff in the case, it must appear to you that the plaintiff in fi. fa. acted without any knowledge whatever that this was homestead property, and that he had no notice, he was put upon no actual notice, of anything by which if he had followed it out he could have ascertained with reasonable diligence that it was homestead property. The plaintiff is bound to exercise the diligence of an ordinary prudent business man in his transactions with others, and with the defendant; and if you find in this case that the property is homestead property, the proceeds of homestead property, and if the plaintiff in this case had notice that it was such, or he had notice of anything that would lead him to make investigation to ascertain that it was homestead property and by which he could have ascertained it, then you would find in favor of the claimant in the case." This charge is open to criticism as not warranted by the evidence, and as imposing upon the plaintiff the burden of showing that it had no notice that the proceeds of homestead property were used in the purchase of the land, upon the faith of the defendant's ownership of which land credit was extended. The burden of proof was upon the claimant to show that the property, the legal title to which was in the defendant, was not subject to levy and sale, because it was purchased with the proceeds of homestead property, and that the plaintiff had notice of this fact when it extended credit to the ostensible owner. Other exceptions to the charge and rulings of the court are without merit.

*Judgment reversed. All the Justices concur.*