14760. Thompson, guardian, v. Thompson.

Jenkins, P. J. Plaintiff in error, T. B. Thompson, sued out a distress warrant, as guardian, against Robert Thompson for the rent of an undivided two-thirds interest in a certain farm. The rent note contained the following language: "all of the lands known as J. S. Thompson place containing 204 acres, more or less, less a 1/3 undivided interest." Upon the levy of the distress warrant the defendant in error, Sam Thompson, filed his claim to the crops levied upon, contending that they were raised by him upon a segregated portion of the premises, amounting to 68 acres, which represented an interest equivalent to the third undivided interest not covered by the rent note. It appears from the claimant's evidence that he himself owned a sixth undivided interest in the premises; that he rented a sixth interest belonging to the defendant under a contract made with the latter; and that the crops levied on had been raised upon this third interest in the premises, which the claimant, acting in his own right and with the permission of the defendant, had segregated to his own use. It appears further, that, while the plaintiff was no actual party to the segregation, it had been in operation for several years prior to the time that the defendant's rent note had been taken. The officer's return did not indicate that the property was found in the possession of the defendant in fi. fa., and all the testimony showed that it was levied upon while in the possession of the claimant. The jury found the property not subject; the plaintiff in fi. fa. made a motion for a new trial, upon the ground that the verdict was contrary to law and the evidence; the motion was overruled, and he excepted. *Held:*

1. "Upon the introduction of an execution with an entry of levy thereon showing that at the time of levy the property was in the possession of the defendant named in the execution, the burden was upon the claimant to prove his title." *Jones* v. *Newberry,* 16 *Ga. App.* 424 (85 S. E. 617); *Dawson Consolidated Grocery Co.* v. *Hudson,* 137 *Ga.* 846, 847 (2) (74 S. E. 796); *Andrews* v. *Sims,* 27 *Ga. App.* 338 (3) (108 S. E. 258). But where "it appears that the claimant is in possession of the property levied on, the burden of proof is on the plaintiff in execution to show either title or possession in the defendant in execution since the debt of the former became a lien on the property of the latter." *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264 (2), 266 (33 S. E. 73); *Allen* v. *Clare,* 136 *Ga.* 550 (1) (71 S. E. 896).

2. "Every tenant in common has the right to possess the joint property; and so long as he occupies no greater portion of it than his own share would be on division, and does not withdraw from it any of its essential value, such as mineral deposits, he is not liable to account for rent to his cotenant." Civil Code (1910), § 3724. In the instant case it appears, from undisputed evidence, that, while the tract remained undivided, no written or executed parol agreement of partition or decree of court therefor having been made, the claimant in his own right and as subtenant of the defendant in fi. fa. occupied and cultivated the particular 68 acres on which the crops were raised as the equivalent of a third undivided interest in the entire premises, and that such actual segregation had been in operation apparently without objection for

several years prior to the taking, of the present rent note. This they had the right to do without payment of rent, unless such occupied portion constituted a greater part of the premises than they would have been entitled to on a proper division of the property. The evidence entirely·fails to indicate any such unfair or unequal occupancy, and the .verdict cannot be disturbed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 7, 1923. REHEARING DENIED JANUARY 21, 1924.

Levy and claim; from city court of Monroe—Judge Felker. May 15, 1923.

Application for certiorari was denied by the Supreme Court.

*Orrin Roberts,* for plaintiff.

*E. W. Roberts,* contra.

ON MOTION FOR REHEARING.

The motion for rehearing is based on the grounds: (1) that "it was only necessary to show that the crops were raised upon the lands rented," and that possession or title in the defendant was not .necessary; and (2) that the claimant was not a cotenant, but a subtenant, of the defendant in fi. fa., who alone made the trade renting the interest of the owners in the place, and that he rented "their undivided interest in the entire place." The first of these propositions states a correct principle of law. In *Saulsbury* v. *Mc-Kellar,* 55 *Ga.* 323, cited by movant, it was held that, "to entitle a landlord to assert his special lien on a crop, he must prove to the satisfaction of the jury that the crop or fund from it, which he seeks to subject, was raised on his land;" but the court there said: "The burden of proof is on the landlord to make good his special lien on this cotton. To do that he must show that it was raised on ·his land; and if he fail to do that to the satisfaction of the jury, he has no foundation for the action and must fail." In the instant case the rental contract expressly excluded "a 1/3 undivided interest." The claimant cultivated this interest, as to which neither he nor the defendant was the tenant of the plaintiff. Of the one-third portion of the entire plantation, and on which part the crop levied on·was raised, the claimant occupied a sixth in his own right, and the other sixth under a contract with the defendant. This latter sixth was not, however, rented by the defendant from the · plaintiff, but was excluded from their contract. The property was levied upon while in the possession of the claimant; and the burden of establishing the lien as claimed was upon the plaintiff. The

plaintiff himself testified that "the crops levied on were raised on the lands known as *Robert* Thompson place," Robert Thompson being the defendant in fi. fa. The claimant testified that such crops were raised on the part that belonged to him and the defendant. This combined third undivided interest being expressly recognized and excluded from the contract of rental, and being segregated by actual occupancy of the claimant in his own right and under the defendant in his own right in accordance with their powers and privileges as tenants in common with the plaintiff, the special lien of the plaintiff could not, under the rulings made in the syllabus, be asserted upon crops grown on such segregated portion. The evidence fully authorized, if indeed it did not absolutely require, a finding that the crops levied on were not raised upon the portion of the land included in the rent contract between plaintiff and defendant.

The second contention of the movant, to wit, that the claimant was a subtenant of the defendant in fi. fa., is therefore not sustained by the record. Consequently, even if the plaintiff had otherwise carried the burden of proof, the rulings made in *Barlow* v. *Jones,* 117 *Ga.* 412 (43 S. E. 690), and other cases cited by movant, are not in point. In the *Barlow* case it was held that, "where the owner of land rents it to a tenant who sublets a portion of it for a specific price, the landlord may elect to treat the subtenant as his own tenant and proceed against him directly by distress warrant and subject the crop raised *on the premises* by the subtenant to the payment of the rent." Here the plaintiff does not proceed against the claimant as his tenant, but proceeds as landlord against the defendant. Nor can he in his proceeding against the defendant condemn the crops made by the claimant, on the theory that the latter is a subtenant of the defendant, where it appears that the crops were raised on lands occupied by the claimant partly in his own right and partly under the defendant, but not under the defendant as subtenant, but under him as landlord holding and claiming in his own right and not under the plaintiff as owner.

Even were it the fact that the claimant occupied the relation of subtenant to the plaintiff in so far as some part or portion of the premises occupied by him was concerned, the crops levied on being in the possession of the claimant, and the burden thus being upon the plaintiff to establish his lien, a verdict in his favor would not

have been authorized, since the evidence in no way disclosed what portion, if any, of the crops was subject to the lien. *Smith* v. *Johnson*, 13 *Ga. App.* 837 (80 S. E. 1051).

*Motion for rehearing denied.*