### 33314. JONES *v.* MAJOR.

Decided December 5, 1950. Rehearing denied December 19, 1950.

*Kenyon, Kenyon & Gunter,* for plaintiff in error.

*Haynie S. Brooks, E. C. Brannon,* contra.

GARDNER, J. "All persons furnishing sawmills with timber, logs, provisions, or any other thing necessary to carry on the work of sawmills shall have liens on said mills and their products, which shall, as between themselves, rank according to date, and the date of each shall be from the time when the debt was created, and such liens shall be superior to all liens except liens for taxes, liens for labor, as provided for in sections 67-1801, 67-1802 and 67-2205, and to all general liens of which they have actual notice before their debts were created, to which excepted liens they shall be inferior." Code, § 67-2206. The defendant in error introduced evidence showing the debt and that he had a lien for the amount claimed, which had not been paid. The claimant, at the end of the plaintiff's evidence, moved to dismiss the levy because it appeared from the levy of the execution issuing on the filing of the lien-foreclosure affidavit that the property had been levied on in his possession and not in that of the debtor, the defendant in execution. The trial judge overruled this motion and held that the plaintiff had made out a prima facie case and that, as the claimant introduced no evidence, the trial judge directed a verdict for the plaintiff. "Upon the trial of all claims . . the burden of proof shall lie upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution. Code, § 39-904. Where it appears that the claimant is in possession of the property levied on, the burden of proof is on the plaintiff in execution to show either title or possession in the defendant in execution since the debt of the former became a lien on the property of the latter. *Andrews* v. *Sims,* 27 *Ga. App.* 338 (3) (108 S. E. 258) ; *Thompson* v. *Thompson,* 31 *Ga. App.* 340 (121 S. E. 586). The evidence of the plaintiff shows that the property was either in possession of the defendant in fi. fa., being kept for him by the plaintiff in execution at the time of the levy, or that the plaintiff had possession, the defendant in execution having "pawned" or bailed it to

him until he could pay the balance due for the logs and supplies furnished. Possession by the lienholder is proper. *Young* v. *Alford,* 36 *Ga. App.* 708 (137 S. E. 914). This being true, and as there was no contradiction thereof by the claimant, the plaintiff carried the burden, made out a prima facie case, and was entitled to a verdict finding the property subject. See *Morgan* v. *Sims,* 26 *Ga.* 283. It appeared that the defendant in fi. fa. worked the sawmill until about a week prior to the levy and that the plaintiff furnished him logs and supplies. It appeared without dispute that the defendant in fi. fa. left the mill and other property with the plaintiff as security until he could pay him. The mill and other property had not been moved from the plaintiff's land. Therefore the plaintiff carried the burden, and the execution issuing upon the filing of his affidavit to foreclose his lien was properly levied on this property and it was subject thereto. See *State Banking Co.* v. *Miller,* 185 *Ga.* 653 (196 S. E. 47) ; *Sealy* v. *Beeland,* 183 *Ga.* 710 (189 S. E. 524). The onus was then cast upon the claimant, and he introduced no evidence to show that he had any right at all to the property. "In a claim case where the plaintiff in fi. fa. proved that the defendant in fi. fa. was in possession of the property levied upon and exercising ownership thereof just before the levy was made, this was sufficient to make out a prima facie case and to shift the burden of proof; for the presumption is that when title is proved to exist in a certain person, it remains in him until the contrary is shown." *Sasser* v. *Byrd,* 8 *Ga. App.* 824 (70 S. E. 157). Where a claim is filed on the levy of an execution, and the entry of the sheriff shows that the claimant was in possession, the plaintiff in execution may show that the defendant in execution had possession or had title before the levy, before judgment, after judgment, or at the time of levy. See *State Banking Co.* v. *Miller,* supra. In the case at bar, there was no evidence by the claimant, and the plaintiff in execution introduced evidence that the defendant in execution had possession until a week before the levy and then left the property, which was on the plaintiff's land, in the hands of the plaintiff as a "pawn" or bailment for the amount due him for logs furnished to the defendant's sawmill. The verdict directed for the plaintiff in execution was demanded, and under the facts there was no error in overrul-

ing the claimant's motion to dismiss the levy. The recital in the levy that the property was in the claimant's possession was overcome by the plaintiff's evidence. However, the plaintiff carried the burden, and the claimant introduced no evidence showing any right, interest, or claim to the sawmill and other property involved.

This holding does not violate the principle of the cases cited by the claimant (*Southern Mining Co.* v. *Brown,* 107 *Ga.* 264, 33 S. E. 73, *Roughton* v. *Roughton,* 178 *Ga.* 367, 173 S. E. 673). Here the plaintiff proved title and possession in the defendant in execution, as against the claimant, prior to the levy and after the creation of the debt, for which the law gave to the plaintiff a lien from the time the debt was created.

It follows that the court did not err in directing a verdict for the plaintiff in execution.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*