19608. MANN, Administrator, *v.* CARTER.

DUCKWORTH, Chief Justice. This case arose after an order was granted by the Ordinary of Walton County to sell lands of an estate and an affidavit claiming title to a certain tract of the lands was filed, and, under the authority of Code Ch. 113-18, the case as thus made was transferred to the Superior Court

of Walton County, where it was tried before a jury, resulting in a verdict for the claimant. A motion for new trial was filed and amended, and, after a hearing, denied. The exception here is to that judgment. *Held:*

1. The evidence showing that the claimant held title by deed, and even though there was some evidence from which the jury could have believed that the administrator's intestate had obtained title by adverse possession, such evidence was in conflict, and the general grounds are without merit.

2. One of the contentions of the defendant administrator being that his intestate had obtained title by adverse possession, the court did not err in charging, "if a person takes possession of land which he knows does not belong to him, no prescription will run in his favor, however long he may hold possession of same," particularly where the court thereafter fully charged the law on adverse possession contained in Code Ch. 85-4. Therefore ground four is without merit.

3. Ground five complains of the charge of Code § 20-802, on the effect of an alteration of a contract and that the fact of whether there was an alteration is a question for the jury to determine, and that the burden of proving the invalidity of the deed shifts to the defendant after its introduction into evidence, because the claimant admitted the alteration in the deed, and the above charge was harmful to the defendant. There was some evidence that the consideration figure, as shown in the deed by which claimant obtained title, had been changed from $80 to $150, but no evidence as to whether the change was made before or after the grantor executed the instrument. The admission of the claimant that there was such a change was not an admission that the deed was fraudulently altered. The court, therefore, correctly charged on the law of burden of proof, and that it was for the jury to determine whether there was an invalid conveyance of title to the land. See Code § 38-104; *Allen* v. *Clare,* 136 *Ga.* 550 (71 S. E. 896); *Mobley* v. *Lyon,* 134 *Ga.* 125 (67 S. E. 668, 137 Am. St. R. 213, 19 Ann. Cas. 1004); *Strickland* v. *Davis,* 184 *Ga.* 76, 81 (190 S. E. 586).

4. Since there is no merit in any of the grounds of the motion for new trial as amended, the court did not err in denying it.

*Judgment affirmed. All the Justices concur.*

Submitted February 11, 1957—Decided March 12, 1957.

*Orrin Roberts,* for plaintiff in error.
*Wm. L. Preston,* contra.