SAMUEL A. McNEIL, administrator, plaintiff in error, *vs.* C. B. HARKER *et al.,* defendants in error.

1. When property was levied upon by a distress-warrant for rent, and the defendant filed his affidavit under section 4012 of the Code, and gave security for the eventual condemnation money, and the property was replevied by him, and upon the trial the jury found for the plaintiff, it was his right to sign up judgment on that verdict against the defendant and his securities for the amount of the verdict as "eventual condemnation money," and it was error in the Court to set aside the execution issued upon such judgment.

2. In such case it is the duty of the levying officer to return the bond with security to the Superior Court, where the issue is to be "tried by jury, as provided for the trial of claims," and the Court should cause the same oath to be administered to the jury as in claim cases.

Distress-warrant.    Before Judge HARRELL, Randolph Superior Court.    May Term, 1869.

S. A. McNeil made an affidavit before the County-Judge that Harker owed him, as administrator of William W. McNeil, $500 00 for rent, and the Judge issued his warrant commanding the proper officers to levy upon a sufficiency of Harker's property to pay that amount and costs.    The levy was made upon certain personalty.    Harker made an affidavit that the sum distrained for had been paid, and with J. T. McLendon and W. R. Blackburn, as his securities, gave

McNeil, adm'r, vs. Harker et al.

bond, to be void "if, upon the trial of the issue formed upon the question of payment, the same shall be in favor of said McNeil and said parties, they or either of them, shall well and truly pay the eventual condemnation money, and all costs of this proceeding." The papers were returned to the Court, the issue was submitted to the jury, and their verdict was: "We, the jury, find for the plaintiff $500 00, with interest from December 25th, 1867," and on that verdict McNeil's attorney entered a judgment for $500 00, principal, $30 90, interest, and $——, costs, against Harker and his securities on said bond. Upon this judgment a *fi. fa.* was issued against Harker and said securities, (in the usual form of a common law *fi. fa.*,) and was levied on Harker's property. Harker's counsel moved to set aside the judgment and *fi. fa.*, because, though the proceeding was begun by distress-warrant, no notice of that was taken in the judgment or *fi. fa.* The Court decided that the *fi. fa.* was a nullity, and ordered the distress-warrant to proceed. This is assigned as error.

W. D. KIDDOO, by A. HOOD, for plaintiff in error, cited Irwin's Code, sections 3185, 4010, 4012, 709.

E. L. DOUGLASS, for defendant in error.

BROWN, C. J.

This was a distress-warrant for rent. The defendant filed his affidavit, under section 4012 of the Code, to replevy the property, and gave security for the eventual condemnation money. On the trial the jury found a verdict for the plaintiff, who signed up judgment against the defendant as principal, and his securities, for the amount of the verdict. At a subsequent term of the Court a motion was made to set aside the execution, on the ground that no execution could legally issue from a verdict in such case. The Judge sustained the motion, and ordered the execution set aside, and that the distress-warrant proceed. Was the decision right?

Section 4012 of the Code provides that "the party distrained may, in all cases, replevy the property so distrained

by making oath that the sum, or some part thereof, distrained for, is not due, and give bond for the eventual condemnation money; and in such case the levying officer shall return the same to the Court having cognizance thereof, which shall be tried by a jury, as provided for the trial of claims." To understand how this issue should have been tried, it is necessary to inquire how claim cases are tried. Section 3684 of the Code directs that claims shall be tried by jury as other cases at common law. Section 3685 directs that "every juror, on the trial of the claim of property, either real or personal, shall be sworn, in addition to the oath usually administered, to give such damages, not less than ten per cent., as may seem reasonable and just to the plaintiff against the claimant, in case it shall be sufficiently shown that such claim was made for delay only, and such jury may give a verdict in the manner aforesaid by virtue whereof *judgment may be entered up* against the claimant *and his security* for the damages so assessed by the jury, and the costs of the trial of the right of property."

That judgment is to be entered up on the verdict for the amount of the verdict and costs. The verdict as to the right of property is not for a sum of money, and therefore the judgment is entered for the sum of money found, if any. But the bond and security given in the case before the Court is for the payment of the eventual condemnation money, and if the verdict is for the plaintiff for a sum of money, judgment may be entered up against the defendant, as principal, and his securities, for the amount of the verdict, with any sum which the jury may give for damages in case they should find that the affidavit arresting the distress-warrant was made for delay only.

The very object of the provision that the issue made up, upon the affidavit on the distress-warrant, shall be tried by a jury, as provided for the trial of claims, was to secure damages to the plaintiff in case it should be shown to the satisfaction of the jury that the affidavit was interposed for the purpose of delay only. It is to be tried by a jury as in case of claims, because the jury are sworn in claim cases to

McNeil, adm'r, *vs.* Harker *et al.*

give damages if the claim was interposed for delay only. If the same oath is not administered to the jury in a case of this character, which is administered in a claim case, then it is not tried by jury, *as is provided* for the trial of claims.

This view of the case is strengthened by reference to the other provisions of the Code on the same subject matter, which are to be construed *in pari materia.* The whole shows that it was the object of the Legislature to provide a summary remedy for the collection of rents justly due. If the proceedings are against a tenant holding over, and he files an affidavit to stay them, and the issue is found against him, section 4009 of the Code gives the plaintiff a judgment against the tenant for *double* the rent reserved or stipulated to be paid. And we cannot doubt that it was the intention of the Legislature to give the plaintiff such damages, not less than ten per cent., as the jury may find, if the tenant replevies the property levied upon by distress-warrant without good cause.

It is objected that the judgment should not be entered up in the first instance against the securities. Why not? By becoming securities they enable the tenant to hold the property, and they agree to be bound with him for the "eventual condemnation money." The securities on the appeal become bound for exactly the same, and judgment is entered up against them with the principal, if the case is found against him. What greater hardship is it for judgment to go against the securities with their principal for the "eventual condemnation money," in the one case than it is in the other?

Any other rule would operate most unjustly and injuriously. The securities enable the defendant to replevy the property, and take it out of the hands of the levying officer. The defendant may have destroyed it, or put it out of the reach of the law before the rendition of the judgment, and to compel the plaintiff, after the issue is found for him, to fall back upon his distress-warrant against the defendant, and drive him to a suit against the securities on their bond, would be

a mockery of justice.   Such a construction is in the teeth of the letter and spirit of all our laws giving to landholders a summary remedy against delinquent tenants.

Judgment reversed.