BROOKE *v.* AUGUSTA WAREHOUSE AND BANKING COMPANY.

FISH, P. J.    1. Where after levy the progress of a distress warrant is arrested by counter-affidavit denying that the sum distrained for is due, the warrant becomes mesne process, and the proceeding is converted into a suit for the rent. *Chisholm* v. *Lewis*, 66 *Ga.* 729; *Elam* v. *Hamilton*, 69 *Ga.* 736. Such counter-affidavit is a plea to the merits. See *Hawkins* v. *Collier*, 101 *Ga.* 145 (2), and cit. "After a plea to the merits a defendant can make no

objection to the manner by which he has been brought into court. " *Pool* v. *Perdue*, 44 *Ga.* 458; Civil Code, §4981.　It follows that where a distress warrant was, by mistake of the magistrate issuing it, made returnable to the January term, 1902, of a city court having cognizance of the matter, when it ·should have been made returnable to the January term, 1903, of such court, and the defendant, after levy, filed a counter-affidavit, and the warrant and counter-affidavit were returned to the proper term of such court, a motion of the defendant, then and there made, to dismiss the warrant, upon the ground of such mistake as to the term to which it was returnable, was properly overruled.

2.　A complaint that the court erred in admitting, over the objection of the movant, certain parol testimony when there was higher written evidence of the fact, is not meritorious, when it does not appear from the motion itself that there was such better evidence.

3.　While there was some evidence tending to show that the contract between plaintiff and defendant was one of bailment, there was ample evidence to authorize a finding that it was one of rental.

*Judgment affirmed.　All the Justices concur, except Lamar, J., disqualified.*

Argued March 16, — Decided March 31, 1904.

Distress warrant.　Before Judge Eve.　City court of Richmond county.　April 4, 1903.

*Smith, Hammond & Smith,* for plaintiff in error.
*C. Henry Cohen,* contra.