### HARDY *v.* POSS.

120    385
Case 2
128    790

1. The filing of a counter-affidavit converts a distress warrant into mesne process, and the proceeding amounts to a suit for rent. In such proceeding the form of the verdict or judgment is general, and is for the amount found to be due.

2. Where a counter-affidavit is filed to the levy of a distress warrant, the only bond the levying officer may take is one for the eventual condemnation-money. If the bond taken by the levying officer is conditioned otherwise, and loss is sustained by the plaintiff in the distress warrant, the officer is responsible.

3. The evidence authorized the verdict.

Submitted May 19, — Decided June 9, 1904.

Rule.    Before Judge Holden.    Wilkes superior court.    December 15, 1903.

*J. M. Pitner,* for plaintiff in error.    *I. T. Irvin Jr.,* contra.

EVANS, J.   W. M. Poss sued out a distress warrant in the justice's court of the 171st district, G. M., of Wilkes county, against Alex. Boatwright.    This distress warrant was placed in the hands

of J. T. Hardy, constable of said district, who levied the same. Boatwright made a counter-affidavit. The case was returned to the justice's court, and on the trial a verdict was rendered in favor of Boatwright. Plaintiff carried the case to the superior court, where the judgment in the justice's court was reversed and the case sent back for a new trial. On the second trial in the justice's court a verdict was rendered in favor of the plaintiff. Upon failure of the constable to make the money, a rule was brought against him at the November term, 1903, of the superior court of Wilkes county. An issue was formed, and upon the trial the jury rendered a verdict in favor of the plaintiff, Poss, against the defendant, Hardy. Hardy made a motion for a new trial, and, the same being overruled, brought the case here. It was admitted upon the trial that the constable had taken a forthcoming bond from the defendant in the distress warrant. The constable in his answer to the rule set up that the property levied upon by him was never released to the defendant in the distress warrant, but that the same was in his possession at all times until after the rendition of the verdict upon the first trial in the justice's court, when he delivered the property to Boatwright, no order of the court having been taken requiring him to hold the property, nor was he notified that a certiorari would be sued out in the case. He further set up that the defendant in the distress warrant was not now a resident of the county, and that he had no property out of which the money could be made. The movant of the rule offered evidence tending to show that the constable had turned the property levied upon over to the defendant in the distress warrant on his giving a forthcoming bond, and that the constable was verbally notified, immediately upon the return of the first verdict, that the case would be carried to the superior court by certiorari. There was also evidence on the part of the movant, tending to show that, some three weeks after the first trial in the justice's court, the constable admitted having possession of the property levied upon at that time, and sought advice as to whether he should keep it or sell it and deposit the money in bank to await the final determination of the case.

1. The verdict and judgment had upon the second trial in the justice's court were general, and plaintiff in error insists that the court erred in failing to charge that after a counter-affidavit had

been filed, and the plaintiff, without objection, went to trial on the issue formed thereby, the action became mesne process; that the general verdict and judgment were illegal, and the plaintiff was not entitled to recover from the constable on the rule. This assignment of error is based on the rulings made in the cases of *Argo* v. *Fields*, 112 *Ga.* 677, and *Barnett* v. *Tant*, 115 *Ga.* 659. The case of *Argo* v. *Fields* was the foreclosure of the special statutory lien for supplies furnished a tenant, and this court said that it was not lawful to issue a general judgment against the tenant, because the statute only gave the landlord a lien upon the crop made during the year of the tenancy. The issue in the other case arose upon a counter-affidavit to a laborer's lien. It will be noted that in both of these cases statutory liens were being asserted. The practice in issues formed upon a counter-affidavit to a distress warrant is different. The filing of the counter-affidavit converts the distress warrant into mesne process, and the proceeding amounts to a suit for rent (*Chisholm* v. *Lewis & Co.*, 66 *Ga.* 729; *Elam* v. *Hamilton*, 69 *Ga.* 736), and the plaintiff is entitled to a general judgment. *McNeil* v. *Harker*, 40 *Ga.* 26; *Seifert* v. *Holt*, 82 *Ga.* 757. Prior to the act of 1894 (Acts 1894, p. 52), the tenant was required to give a replevy bond before he could contest his rent; but since then the party distrained is not required to give a replevy bond where the levying officer retains possession of the property of the tenant levied on. Civil Code, § 4819. The only change made by the amending act was to allow the defendant in a distress warrant to make his counter-affidavit and have the issue tried without giving the bond for the eventual condemnation-money, where the property levied upon remains in the possession of the levying officer. The practice as to the form of verdict and judgment is unaffected by this amendment.

2. Plaintiff in error insists that the court erred in charging as follows: "I charge you further, if the defendant, the constable, levied on the property by virtue of a distress warrant, . . and did not keep possession of it, but turned it over to Mr. Boatwright and took from him a forthcoming bond for the property, and did not take a bond for the eventual condemnation-money, then the plaintiff is entitled to recover." Before the amendment of 1894 the defendant in a distress warrant could only make an issue by taking the oath and giving a bond for the eventual condemnation-

money; since this amendment he can make an issue by taking the oath and leaving the property in the hands of the levying officer. If the bond for the eventual condemnation-money is not given, the plaintiff has the right to have the property remain in the hands of the officer; and if the officer deal with the property in any other manner than one allowed by statute, and a loss is sustained by the plaintiff, the officer is responsible. The officer can not protect himself by taking any other bond than that for the eventual condemnation-money; and where such bond is not given, the plaintiff is entitled to rely upon the presumption that the officer has done his duty and is retaining the property in his possession. See *Boyles* v. *Bank*, 96 *Ga.* 796.

3. The case was submitted to the jury under the evidence, and the presiding judge approved the verdict after requiring the plaintiff to write off a certain amount therefrom, which was done. We see no abuse of the judge's discretion in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*