### KAIGLER *v.* BRANNON.

HOLDEN, J. 1. Brannon brought suit against Kaigler, making, in the original and amended petition, substantially the following allegations: The defendant directed the plaintiff, on April 26, 1909, to sell for him 20 bales of cotton at 10 cents per pound, to be delivered October 1, 1909. Plaintiff, in accordance with such instructions, sold Ford & Co. 20 bales of cotton, to be delivered October 1, 1909. The defendant refused to deliver the cotton, and the plaintiff was compelled to pay Ford & Co. "the difference between the price of cotton at 10 cents, at which it was sold, and the price of 13¼ cents, its market value at the date of settlement. Petitioner made such settlement at the instance and request of G. O. Kaigler, who promised then and there to repay petitioner the

sum of $312, which petitioner paid out for said Kaigler, and has failed and refused so to do, although petitioner has made demand for said sum." The defendant, among other things, pleaded that if there was any contract between him and the plaintiff, it was not binding, because of the statute of frauds. A verdict was rendered in favor of the plaintiff, and to the order of the court refusing the defendant a new trial he excepted. The evidence authorized a finding that the following was true: In the spring and summer of 1909 Kaigler orally directed Brannon, when he was able to do so, to sell for him 20 bales of cotton at 10 cents per pound, to be delivered on October 1, 1909, and both parties contemplated an actual delivery of the cotton by Kaigler, should Brannon make the sale as directed. No writing existed between them in regard to the matter. McGinty, who was a representative of Ford & Co., would not buy any cotton from Kaigler for future delivery; and soon after the directions were given Brannon made written contracts with McGinty, acting for Ford & Co., whereby Brannon sold the latter, at 10 cents per pound, 50 bales of cotton, to weigh at least 480 pounds each, and to be delivered on October 1, 1909. This was a legal contract and binding on Brannon. Twenty of the bales thus sold were sold by Brannon for Kaigler, and the remaining 30 were sold by him for other parties. Brannon signed the contract individually, and not as agent for Kaigler, whose name was not signed to the contract, nor mentioned therein. Soon after making the contract Brannon notified Kaigler that he had sold 20 bales of cotton for him at 10 cents per pound. Brannon sold 50 bales of his "own cotton in a separate contract." After October 1, 1909, upon being requested by Brannon to deliver the cotton, Kaigler told Brannon he was not ready to deliver it, and directed Brannon to pay Ford & Co. the difference between the contract price of the 20 bales and the market value of the cotton at the time and place of delivery, and that he (Kaigler) would reimburse Brannon the amount thus paid; and Brannon subsequently made such payment, amounting to $320. *Held*, if the facts set forth in the foregoing statement existed, which the jury were authorized to find did exist, they required a verdict in favor of the plaintiff, though there was no written contract between Kaigler and Brannon with respect to the sale of the cotton, or in reference to the payment made by the latter to Ford & Co.

2. The charges of the court excepted to, being in accordance with the foregoing ruling, were not subject to the exceptions thereto, to wit: That they were not correct statements of the law applicable to the facts of the case, and were not adjusted to the evidence in the case. There is no evidence of any binding contract between Kaigler and Brannon, or between Kaigler and any other person. The charges ignore the contention of Kaigler that "the contract between him and Brannon falls within the statute of frauds." "The evidence tends to show that, if Brannon paid any money to B. B. Ford & Co., it was on a contract made for 50 bales of cotton in his own name, and in which contract Kaigler was in no way concerned." "The court erred in charging the jury, under the circumstances stated, the fact that, though no written contract was made, it would still be binding upon the plaintiff if he made an oral contract; the charge being error, because under the evidence in this case the contract falls within the statute of frauds."

3. The court did not err in refusing a new trial on the ground that "the court ignored the contention of the defendant that said contract was within the statute of frauds;" nor on the ground that "there was no evidence that G. O. Kaigler had made any written contract, either with Brannon or with any other person, which was binding on him;" nor on the ground that "the evidence tends to show that if Brannon paid any money to B. B. Ford & Co., it was on a contract made for 50 bales of cotton and in his own name, and in which contract Kaigler was in no way concerned."

4. The court did not err in failing to charge the jury as follows: "I charge you that any contract for the sale of goods, wares, and merchandise, in existence or not in esse, to the amount of $50 or more, except the buyer shall accept part of the goods and actually receive the same, or give something in earnest to bind the bargain or in part payment, must be in writing and signed by the party to be charged therewith, or some person by him lawfully authorized." Nor in failing to charge the jury "upon the subject of statute of frauds, and upon one of his contentions and upon his special plea filed in said case, wherein movant pleaded in said case, if there was any contract of sale made, that the same was within the statute of frauds, and therefore void."

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
OCTOBER 12, 1911.

Action for breach of contract. Before Judge Worrill. Quitman superior court. December 15, 1910.

*G. Y. Harrell* and *Rosser & Brandon,* for plaintiff in error.

*J. R. Pottle* and *M. C. Edwards,* contra.