### 12124. ANDREWS *v.* SIMS.

JENKINS, P. J. In November, 1918, the plaintiff in error sued out a distress warrant against his tenant, which was levied upon four bales of cotton, raised on the rented premises during the tenancy. The warrant was arrested by the giving of a counter-affidavit and a replevy bond, and the property was released by the sheriff. Afterwards, during the pendency of the case, the tenant executed to another person a deed and bill of sale to secure debt, covering certain real estate and personalty, which was duly recorded. Subsequently the landlord obtained a general judgment against the tenant and the surety on the replevy bond. The surety having become insolvent, the fi. fa. issued on the general judgment was levied upon certain of the personal property included in the bill of sale, as property of the tenant. To this the defendant in error, the vendee under the bill of sale, interposed a claim. None of the property levied upon and so claimed was in fact included in the original levy of the distress warrant, but all of it was included in the bill of sale. The court, in the trial of the claim case, charged the jury as follows: "A distress warrant levied for rent is a general lien on all property of the renter, and takes effect from time of levy of distress warrant. If, subsequent to that, bond is given and the property disposed of, the claimant gets no title against this levy which is regular in form." The jury having found the property subject, the claimant moved for a new trial on the general grounds, and on the ground that this charge was error, (1) because the landlord's general lien was released by the filing of counter-affidavit and the replevy bond; (2) because such general lien did not cover property not levied upon by the distress warrant; and (3) because the court should not have instructed the jury that the claimant got no title as against such levy. The judge granted a new trial, upon the ground that this portion of the charge was erroneous; and to this judgment the landlord excepted. *Held:*

1. A distress warrant is final process until arrested by counter-affidavit and replevy bond. *Gober* v. *Barry,* 4 *Ga. App.* 4, 6 (60 S. E. 807). But when the defendant replevies the property the levy becomes functus, and the proceeding is converted into an ordinary action for rent, with the bond standing as security in the event of a judgment for the plaintiff. *Stephens* v. *McNaughton,* 8 *Ga. App.* 42, 43 (68 S. E. 459). In such a proceeding the form of the verdict or judgment is general, and is for the amount found to be due. *Hardy* v. *Poss,* 120 *Ga.* 385 (47 S. E. 947). If the counter-affidavit is dismissed, the distress warrant at once becomes again operative as final process. *Griggs* v. *Willbanks,* 96 *Ga.* 744 (22 S. E. 327). But when it stands and the property is released under the affidavit and bond, the question of lien is not involved, and the plaintiff's recourse at the end of the suit will be upon his judgment on the bond. *Rountree* v. *Rutherford,* 65 *Ga.* 444 (2), 448; *Davis* v. *DeVaughn,* 7 *Ga. App.* 324, 326 (66 S. E. 956).

2. The general lien of landlord, which by section 3340 of the Civil Code (1910) is given " on the property of the debtor liable to levy and sale," dates " from the time of the levy of a distress warrant to enforce the same." Prior to levy it covers no specific property, and upon levy such general lien attaches only to the particular property seized under the distress warrant issued to enforce the lien. Henderson *v.* Mayer, 225 U. S. 631, 638 (32 Sup. Ct. 69, 56 L. ed. 1233, 1236).·

3. Where property is in the possession of the defendant in fi. fa. at the time of levy, the burden is upon the claimant to show that the property was not subject to sale under the plaintiff's execution at the date of the filing of the claim, and that at that time he had some title to or interest in the property, superior to the right of the plaintiff to proceed with the execution. *Deariso* v. *Lawrence*, 3 *Ga. App.* 580 (60 S. E. 330). See also *Strickland* v. *Smith*, 17 *Ga. App.* 505 (3), 506 (87 S. E. 718). In the present case, the claimant showing superior title in himself under the bill of sale executed to him by the defendant in fi. fa. prior to the general judgment against the defendant on the replevy bond, and there being in the pleadings no allegation of fraud or other proper allegations and prayers attacking the conveyance to the claimant, the evidence demanded a verdict for the claimant, and the trial judge did not err in granting a new trial upon the error in the charge.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED AUGUST 3, 1921.

Claim; from Columbia superior court — Judge H. C. Hammond. June 12, 1920. See 151 *Ga.* 53 (105 S. E. 641).

*B. B. McCowen,* for plaintiff.

*Hamilton Phinizy, J. S. Watkins,* for claimant.