AMERICAN OIL COMPANY *v.* HULME *et al.*

BELL, Justice. "The office of an injunction being, under the Code of this State, merely to restrain and not to compel the performance of an act, this remedy is not available for the purpose of evicting a party from the actual possession of land, the right to which is in dispute between himself and another." *Vaughn* v. *Yawn*, 103 *Ga.* 557 (29 S. E. 759). Code of 1933, § 55-110; *Beacham* v. *Wrightsville & Tennille Railroad Co.,* 125 *Ga.* 362 (54 S. E. 157); *Trudie Turpentine Co.* v. *Pearson,* 159 *Ga.* 387 (125 S. E. 862); *Beck* v. *Kah,* 163 *Ga.* 365 (136 S. E. 160). There was some evidence to authorize the application of this principle, and the judge did not err in refusing an interlocutory injunction. The facts do not bring the case, as a matter of law, within the principle applied in *MacKenzie* v. *Minis,* 132 *Ga.* 323 (6) (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723); *Marshall* v. *Matthews,* 149 *Ga.* 370 (100 S. E. 103), and similar cases.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent.*

No. 10750. JULY 9, 1935.

*Dorsey, Shelton & Pharr,* for plaintiff.
*Raymonde Stapleton* and *W. D. Tutt,* for defendants.