BARRON *v.* BARRON, administratrix, *et al.*

No. 12143.  January 12, 1938.

*Smith & Smith,* for plaintiff in error.

*J. B. Jackson* and *J. E. Feagin,* contra.

Hutcheson, Justice. This is a case by the administratrices of the estate of W. W. Barron Sr., against the heirs at law of the deceased, seeking an accounting as to certain alleged debts owed by the heirs to the estate, for order requiring the heirs to interplead, for direction of the court as to the distribution of the estate, etc. J. J. Barron, one of the heirs at law, denied that he owed the amount alleged in the petition, but admitted owing a note of $100, and another of $1,562.32, less certain credits of named amounts on the later note. Upon the trial the sole question submitted to the jury, in so far as the instant case is concerned, was whether the defendant, J. J. Barron, was entitled to one of the credits claimed. Verdict was against the defendant on this issue. His motion for new trial was overruled, and he excepted.

The general grounds of the motion for new trial, not being argued or insisted upon, will be considered as abandoned.

The sole special ground of the motion for new trial contains a recital of certain questions propounded to the defendant by his counsel, relating to the latter note, and the objections thereto by the plaintiffs on the ground that the questions related to transactions or communications with the deceased, to which the defendant was incompetent to testify under the Code, § 38-1603, which objections were sustained; and the defendant assigns error on the ruling of the court that he could not testify to any transactions between himself and the deceased, and states that such ruling was harmful and erroneous and prevented him from showing that he was not indebted to the deceased at the time of his death. As a general rule, in order for a refusal to permit a witness to answer a question propounded to him by his counsel to constitute a ground for new trial, it must appear that a pertinent question was asked, that the court ruled out the answer, that a statement was made to

the court at the time, showing what the answer would be, and that such testimony was material and would have benefited the complaining party. *Griffin* v. *Henderson,* 117 *Ga.* 382 (2) (43 S. E. 712), and cit.; *Allen* v. *Kessler,* 120 *Ga.* 319 (47 S. E. 900); *Bowden* v. *Bowden,* 125 *Ga.* 107 (53 S. E. 606); *Browder-Manget Co.* v. *West End Bank,* 143 *Ga.* 736 (85 S. E. 881). The ground in the instant case fails to meet the above requirement, for at least two reasons: it does not appear therein what answer the witness was expected to give, and that the judge was so informed at the time the question was propounded. That the ruling prevented the witness from "showing" that he "was not indebted" to the deceased is not synonymous with what the witness would have testified or was expected to testify. *Smith* v. *Smith,* 133 *Ga.* 170. (65 S. E. 414). The court did not err in overruling the motion for new trial.　　　　*Judgment affirmed. All the Justices concur.*