WILLIAMS *v.* THE STATE.

No. 12250. June 17, 1938.

*A. S. Johnson,* for plaintiff in error.

*M. J. Yeomans, attorney-general, A. S. Skelton, solicitor-general, J. T. Sisk, E. J. Clower,* and *E. G. Arnall,* contra.

JENKINS, Justice.   1. The evidence authorized the verdict finding the defendant guilty of murder.

2. With respect to the first (the only approved) special ground of the motion for new trial, the court did not err in refusing to allow a witness for the State, on cross-examination by the defendant, to answer questions as to whether the witness had "ever been in trouble," and whether he had escaped from the chain-gang, where counsel for the defendant then stated to the court, "I am not trying to impeach him," and the relevancy of such testimony was not otherwise made to appear.

3. "When an amendment is offered to a motion for a new trial, it is the better practice to allow the amendment and overrule the motion, if no ground in the original or amended motion is meritorious. But a refusal to allow an amendment to a motion for a new trial will not work a reversal of the judgment, when the amendment offered did not contain a meritorious ground." *Walker* v. *State,* 125 *Ga.* 30 (53 S. E. 807); *Lester* v. *Savannah Guano Co.,* 94 *Ga.* 710 (20 S. E. 1). Where a ground in a motion for new trial is legally insufficient or is otherwise without merit, as distinguished from containing an erroneous statement of fact, while the proper practice is for the trial judge to overrule and not disapprove such a ground, his order designating the same as "disapproved and disallowed" will not work a reversal, where such a ground shows on its face, or when construed in connection with additional facts set forth in the judge's certificate, that it is without merit.

4. "An assignment of error on admission of evidence, which fails to state that it was admitted over objection urged before the court, and the specific grounds of objection that were then stated to the court, does not present any question for decision." *Justice* v. *Warner,* 178 *Ga.* 579 (4) (173 S. E. 703); *Fluker* v. *State,* 184 *Ga.* 809 (4) (193 S. E. 749), and cit. Accordingly, grounds 2, 3, and part of ground 6 of the motion were insufficient and without merit, where they merely set forth that the court erred in admitting certain quoted or stated testimony of witnesses, and wholly failed to show what, if any, objections were made to such admission, or that there was any motion to exclude any of the evidence. The remaining part of ground 6, complaining that the court erred in "not allowing movant to prove that the State's witness, on cross-examination, had been a fugitive from justice;" that "these questions might not have been relevant, . . but inasmuch as the

court allowed the witnesses to tell of [the defendant] having been into other crimes, and not allowing the movant to prove like offenses against the State's witnesses, unchallenged, showed to the jury that there was partiality being used by the court," in so far as this ground related to the exclusion of testimony for the defendant, was wholly insufficient, where it failed to show the name of the witness or witnesses, or a proper tender of the testimony with a "pertinent question." *Hunter* v. *State*, 148 *Ga.* 566 (97 S. E. 523), and cit.; *Allen* v. *Kessler*, 120 *Ga.* 319 (47 S. E. 900); *Griffin* v. *Henderson*, 117 *Ga.* 382 (2, 3) (43 S. E. 712); *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499 (6), 505 (2) (113 S. E. 545).

5. Ground 4 is that "the court erred in impliedly expressing an opinion to the jury by its actings and doings in allowing the State to prove, unchallenged, that . . movant had previously killed his brother, had broken jail, and was at the time of the killing a fugitive from the chain-gang, all of which were other crimes not connected with this one in any way. Reference is prayed to testimony of Tom Self and Mrs. Tom Self in brief of evidence hereto attached." Ground 5 is that "the court erred in impliedly expressing an opinion as to the guilt or innocence of the accused . . in challenging the question asked the witness, when defendant sought to prove by asking the witness, Tom Self, of his (Tom Self's) having been a fugitive from justice, or having been guilty of crime in Elbert County or some other place, and not challenging a like question asked by the State as to movant having done a like crime, as set out above in paragraph 4. The State, on these rulings and failing to rule, led the jury to believe that the court was impliedly expressing an opinion that movant was guilty." Ground 4 is without merit, in wholly failing to show that the defendant made any objection to the admission of the testimony as to which it is complained the court impliedly expressed an opinion by "allowing the State to prove unchallenged," besides failing to set forth the particular testimony and particular rulings, which are only generally referred to. Ground 5 is also deficient, in that it fails to set forth the particular testimony and rulings, and fails to show that the defendant made any objection to the admission of the testimony for the State. Nor does the defendant therein except to the exclusion of the testi-

mony which he sought to introduce. The mere "challenging" by the court of the question asked by the defendant of a witness for the State, without "challenging" a like question asked by the State, could not in any event be taken as "impliedly expressing an opinion as to the guilt or innocence of the accused."

6. Where witnesses under subpœna by a party attend a trial, but are not examined, a motion for new trial on the ground of newly discovered evidence from such witnesses is properly refused, especially where there is no showing as to why the alleged newly discovered evidence could not have been discovered and used in the trial, since, "by interrogation of them, defendant or his counsel could have ascertained what they knew as well before as after the trial." *McAfee v. State,* 31 *Ga.* 411 (6), 420; *Hall v. State,* 117 *Ga.* 263 (2) (43 S. E. 718); *Rounsaville v. State,* 163 *Ga.* 391 (2), 397 (136 S. E. 276). As to ground 7 of the motion, it appears, both from this ground with the accompanying affidavits and from the certificate of the judge, that while there was an affidavit by the present counsel for the defendant and by the defendant that they "did not know of the evidence set out in [this] ground . . before the trial of the case," and that "the same could not have been discovered by the exercise of ordinary diligence," there was no such affidavit as to absence of knowledge or diligence by the two attorneys who represented the defendant through the trial. It furthermore appears without dispute, both from the certificate of the judge and the counter-showing of the solicitor-general, that all of the witnesses referred to in the newly discovered evidence were present in court "during the trial . . under subpœna by the defendant," and without dispute from the counter-showing of the solicitor-general that these witnesses "were consulted with by . . counsel for the defendant," who in arguments to the jury stated that "they had not put up the witnesses . . because they wanted the right to open and conclude the argument in said case."

7. There being no merit in any of the grounds of the motion for new trial, the judge did not err in refusing a new trial as to all of the grounds, even if the disapproved grounds had been considered and overruled instead of disapproved.

*Judgment affirmed. All the Justices concur, except*
RUSSELL, C. J., who dissents from the ruling in division 2 of the decision.