## PAGE *v.* BROWN.

No. 13677.   JUNE 16, 1941.

W. F. Moore and Vester M. Ownby, for plaintiff in error.

Judson Andrews, contra.

ATKINSON, Presiding Justice. 1. To the general rule that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title he must allege and prove possession in himself, "there are exceptions . . (1) in case of wild lands, and (2) where there is a distinct head of equity jurisdiction sufficient to support the action, as where deeds are obtained by fraud or other illegal means." *Mentone Hotel & Realty Co.* v. *Taylor,* 161 *Ga.* 237 (130 S. E. 527); *Simpson* v. *Kelley,* 171 *Ga.* 523 (156 S. E. 198). Mental incapacity of the grantor to execute to the defendant the deed which the plaintiff seeks to have canceled falls within the latter exception, dispensing with the necessity for the plaintiff to allege and prove possession of the property. *Morris* v. *Mobley,* 171 *Ga.* 224 (1, 6) (155 S. E. 8); *Moody* v. *McHan,* 184 *Ga.* 740, 744 (193 S. E. 240). On the question of the mental capacity of the grantor to execute the deed here in question, which the jury found invalid, while there was testimony to sustain its validity, there was testimony for the plaintiff that the grantor was in a coma at the time of the execution of the instrument, and that while the grantor could write, and had previously executed with his own signature the deed to the plaintiff on which she claimed title, the deed to the defendant was executed with the grantor's mark. Accordingly, on this controlling issue, there is no merit in the general grounds of the motion for new trial.

2. "A registered deed shall be admitted in evidence in any court

without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed." Code, § 29-415. The deed to the plaintiff, on which she claimed title to the property in dispute, reciting a valuable consideration and having been duly recorded, and no affidavit of forgery having been filed as required by the statute, the court did not err in admitting the deed in evidence over the objection that there was no proof of its execution. *Rogers* v. *Eason,* 183 *Ga.* 431 (3) (188 S. E. 693) ; *Follendore* v. *Follendore,* 110 *Ga.* 359, 361 (35 S. E. 676).

3. "Under repeated rulings of this court, a judgment overruling a demurrer can not be made a ground of a motion for new trial; but direct exception should be taken to such ruling, if a review of it is to be had." *Turner* v. *Willingham,* 148 *Ga.* 274 (96 S. E. 565) ; *Zachry* v. *Industrial Loan & Investment Co.,* 182 *Ga.* 738 (5) (186 S. E. 832).

4. The overruling of a motion for a nonsuit can not be reviewed by a motion for new trial, but should be made the subject of direct exception. *Dickson* v. *Citizens Bank & Trust Co.,* 184 *Ga.* 398 (8) (191 S. E. 379), and cit.

5. "A ground of a motion for a new trial alleging error in an instruction to the jury must set forth, either literally or in substance, the language complained of, or such ground can not be considered." *Central of Georgia Ry. Co.* v. *Bond,* 111 *Ga.* 13 (6), 16 (36 S. E. 299), and cit. A ground merely referring in general terms to an instruction and stating the movant's conclusion as to its meaning and effect, "without stating with reasonable certainty what the instruction was, does not come up to the legal requirement that an assignment of error shall be plaintly and distinctly made." *Southern Ry. Co.* v. *Dantzler,* 99 *Ga.* 323 (2) (25 S. E. .606). Under these rules, the following exception was insufficient : "The court erred in instructing the jury they were to pass upon both deeds during the trial of said case (brief of evidence, page 4), and then giving a contradictory charge or instruction to the jury during the charge of the court that they were. to consider only the deed from [the grantor] to [the defendant], and whether the deed to [her] was a fraud or procured by fraud, and that this instruc-

tion was given in such a way as to unduly influence the jury and cause them to accept said instruction as an expression of opinion by the court. That the said charge was error for the reason that if there was an issue in said case for the jury to pass upon, said issue under the pleading in said case was both deeds set out in said suit, leaving to the jury the matter of determining which deed was fraudulent, if there was fraud, since the court instructed the jury in said charge that the burden in said case was upon the plaintiff. That the charge here complained of amounted to instructing the jury to find for the plaintiff."

6. "As a general rule, in order for a refusal to permit a witness to answer a question propounded to him by his counsel to constitute a ground for new trial, it must appear that a pertinent question was asked, that the court ruled out the answer, that a statement was made to the court at the time, showing what the answer would be, and that such testimony was material and would have benefited the complaining party." *Barron* v. *Barron,* 185 *Ga.* 346 (194 S. E. 905), and cit.; *Rainey* v. *Moon,* 187 *Ga.* 712 (12), 718 (2 S. E. 2d, 405). Accordingly, no ground for a new trial is presented by the exception that "the court erred in denying the defendant the right to testify as to the amount of money she had expended on the property described in the deed" in dispute, "the same being and constituting the consideration of said deed."

7. The deed to the defendant, referred to by the court, being the one as to which the petition prayed for cancellation, there is no merit in the exception that "the court erred in stating upon the trial of said case and in the presence of the jury (brief of evidence, page 12) : 'Is that the deed you are asking to have canceled and declared void?'" and after a statement by counsel for the plaintiff, "That is right; we produce it for that purpose only," in asking, "Well, don't you introduce it for the purpose of having it canceled?" to which counsel replied, "Well, I suppose so;" no ground of exception or claim or showing of injury appearing.

8. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*