HIEBER *et al. v.* BUCHANAN, receiver, *et al.*

No. 15929.   SEPTEMBER 9, 1947.   REHEARING DENIED OCTOBER 23, 1947.

834

*Herbert Johnson* and *Calhoun & Calhoun,* for plaintiffs in error. *Powell, Goldstein, Frazer & Murphy, Lokey & Bowden, William G. Grant, James F. Cox, Estes Doremus, Carl B. Copeland,* and *Moise, Post & Gardner,* contra.

HEAD, Justice. (After stating the foregoing facts.) In the bill of exceptions error is assigned on the refusal of the court to permit a witness to answer certain questions on direct examination. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked, and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Griffin* v. *Henderson,* 117 *Ga.* 382 (43 S. E. 712); *Colbert* v. *Pitner,* 157 *Ga.* 690 (122 S. E. 315); *Barron* v. *Barron,* 185 *Ga.* 346 (194 S. E. 905); *Page* v. *Brown,* 192 *Ga.* 401 (15 S. E. 2d, 506). The assignments made in the bill of exceptions in this case in no instance measure up to the rule stated, and reversible error is not shown in the exclusion of the testimony complained of.

Error is also assigned on the court's refusal to permit witnesses for the defendant in error to answer certain questions propounded by counsel for the plaintiff in error on cross-examination. This assignment was insufficient, in that it failed to show the name of the witness or witnesses. *Williams* v. *State,* 186 *Ga.* 251, 260 (197 S. E. 838).

Complaint is made of the exclusion by the court of certain evidence with reference to a modification of the lease contract, which

modification was alleged to have been entered into on December 28, 1946, or approximately fifteen days after the lessors of the plaintiff in error had been enjoined from alienating or transferring any interest in the building or in any of the leaseholds thereon. The evidence relied upon to show a modification was a copy of an alleged letter by counsel for the lessee to the lessors, stating the terms of a verbal understanding to reduce the rent to be paid by the plaintiff in error. Had the lessors agreed to a change or modification in the terms of the lease contract as to rent or any of the terms of the lease, such agreement would not be valid or binding upon the receivers, since such modification or change, if made, was after the grant of a restraining order. The exclusion of testimony as to an alleged new lease contract, or modification of an existing contract, under the facts of this case, was not error.

The distress warrant procured by the receivers in the Civil Court of Fulton County was ordered by the trial judge to be transferred to the Superior Court of Fulton County. In the same judgment it is recited that testimony was heard and a judgment was rendered for the receivers for the full amount of the rent claimed to be due. It appears from the pleadings filed by counsel for the receivers, that the lessee, now plaintiff in error, had filed a counter-affidavit and made a bond. The issues of fact then made by the distress warrant, the counter-affidavit, and any pleadings filed by the parties amplifying their contentions, could only be determined by a jury trial. Code, § 61-404; *McNeil* v. *Harker*, 40 *Ga.* 26 (2) ; *Girtman* v. *Stanford*, 68 *Ga.* 178; *Wright* v. *Hawkins*, 68 *Ga.* 828; *Brooke* v. *Augusta Warehouse & Banking Co.*, 119 *Ga.* 946 (47 S. E. 341) ; *Andrews* v. *Sims*, 27 *Ga. App.* 338 (108 S. E. 258) ; *Beavers* v. *Mabry*, 195 *Ga.* 175 (23 S. E. 2d, 672).

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

### ON MOTION FOR REHEARING.

The defendant in error in his motion for rehearing makes a number of contentions to show that the court overlooked the record in the case, and it is strongly urged that the court's judgment is based on proceedings (the distress and dispossessory warrants) which were not pending before the trial court, and it is urged that there is no sufficient assignment of error.

As shown by the statement of facts and the motion for rehearing, the distress warrant and dispossessory warrant procured by

the receiver against Hieber in the Civil Court of Fulton County were with the authority and direction of the judge of the superior court. After the warrants were issued and counter-affidavit and bond were made by the defendant Hieber, he went into the superior court by a proceeding which he termed an "intervention," and sought to have the distress warrant and dispossessory-warrant proceedings enjoined. His prayers for injunction were denied. Thereafter the receiver filed what he termed a "response" to the intervention, and in paragraph 13 of his "response" he alleged that: "The intervention concerning distress and dispossessory warrants in the Civil Court of Fulton County involves identical issues between your receivers and the intervenor concerning the rent and possession herein demanded;" and in paragraph 14 alleged: "The issues now raised by the intervention and this answer and petition in this case duplicate the issues raised by said warrants in the Civil Court of Fulton County." The evidence introduced before the trial judge was on the sole issue as to whether or not the defendant Hieber was entitled to a reduction in his rent under the terms of his lease contract by reason of the destruction of the Winecoff Hotel property by fire. While the distress and dispossessory-warrant proceedings were not actually before the superior court judge, the only issues heard and determined by him were issues involved in the distress and dispossessory-warrant proceedings, and the defendant in error will not now be heard for the first time on motion for rehearing to urge that the issues made by the warrants were not heard by the superior court judge, nor will the defendant in error be heard to urge that such judge did not in fact dispose of the issues made by the warrants.

It is true that the judge's order is in the alternative, divisions 3 and 4 of the judgment being as follows:

"3. Unless W. S. Hieber pays to the receivers the sum of $2650, representing arrearages for rent for the month of December, 1946, and for the months of January, February, March, and April, 1947, and the rent due for the month of May, 1947, on or before May 20, 1947, said W. S. Hieber is directed to surrender the premises to the receivers.

"4. If such arrearage and current rent is paid by said date, said W. S. Hieber shall thereafter pay to the receivers each month

on the date specified in the lease the stipulated rent of $650 per month."

It is also true, as contended by counsel for the receivers, that the defendant Hieber could elect either to pay the rent claimed to be due or vacate the premises. If he paid the rent, as directed by the superior court judge, the issues made by the distress warrant would become moot, and there would be no issue as to the amount of rent the defendant should pay, to try before a jury in the distress-warrant proceedings. If he elected not to pay the rent and vacated the premises, the issues made by the dispossessory warrant would become moot and there would be no issue or matter for a jury's determination on such warrant.

While the judgment rendered was in the alternative, it was final in nature, and substituted the judgment of the judge of the superior court for a verdict by a jury, as to whether or not Hieber was entitled to a reduction in the amount of rent he should pay to the receivers by reason of the hotel properties having been destroyed by fire.

The case of *Petty* v. *Bryant,* 188 *Ga.* 102 (2 S. E. 2d, 910), cited and relied upon by the receivers, is not in point here. In that case this court held that antecedent rulings could not be attacked on an exception to a judgment as being contrary to law, when such antecedent rulings were in no wise specified in the bill of exceptions, and were argued or presented for the first time in the brief of counsel. In the present case, error is assigned on a final judgment and all antecedent rulings attacked are fully set out in the bill of exceptions.

It is unnecessary that any ruling be made on the right of the defendant in error to prosecute two actions for the same cause against the same party in the courts of this State, in violation of the prohibition of the Code, § 3-601. The defendant in error made an election of remedies with the consent and approval of the judge of the superior court when he procured the issuance of distress and dispossessory warrants, and in his so-called "response" · he urged that the sole issue before the court by the intervention and response was that made by the distress and dispossessory warrants.

The judgment of the judge of the superior court, being final in form and on an interlocutory hearing, should have been reversed for this reason.

The judgment being in the nature of a mandatory injunction, commanding that the defendant either pay rent or vacate the premises, is in violation of the Code, § 55-110, and repeated rulings of this court, and should have been reversed for this reason. See *Glover* v. *Newsome,* 134 *Ga.* 375 (67 S. E. 935); *Burns* v. *Hale,* 162 *Ga.* 337 (133 S. E. 857); *Beck* v. *Kah,* 163 *Ga.* 365 (136 S. E. 160); *Ga. Power Co.* v. *Rome,* 172 *Ga.* 31 (157 S. E. 283); *American Oil Co.* v. *Hulme,* 180 *Ga.* 768 (180 S. E. 768).

*Motion for rehearing denied.*