CRAWFORD et al. v. GALE.

No. 16370. OCTOBER 13, 1948.

*Wood & Tallant*, for plaintiffs in error.
*William Butt*, contra.

HEAD, Justice. ■ Ground 1 of the amended motion for new trial avers "that a substantial injustice has been done in the verdict that was rendered in said matter, as the greater weight of the evidence was in favor of the movants." This ground is an amplification of the general grounds. The evidence was not without conflict, but it is the duty of the jury, and not of this court, to pass upon the weight to be given conflicting evidence. The evidence for the petitioner amply supported the verdict in her favor. It was not error to overrule the general grounds of the motion for new trial, as amplified by ground 1 of the amended motion.

■ Ground 2 complains that certain evidence was excluded by the court from the jury. It is not shown that a proper tender, with a pertinent question, was made, nor is it shown that such testimony was material, or that it would have benefited the movants. See *Bourquin* v. *Bourquin*, 151 *Ga.* 575, 579 (107 S. E. 767); *Barron* v. *Barron*, 185 *Ga.* 346 (194 S. E. 905); *Williams* v. *State*, 186 *Ga.* 260 (197 S. E. 838); *Page* v. *Brown*, 192 *Ga.* 401 (15 S. E. 2d, 506). It was not error to overrule ground 2 of the amended motion for new trial.

■ Ground 3 is as follows: "Because, since the rendition of the verdict, certain material evidence, not merely cumulative and not solely impeaching in its character, but relating to new and

material facts have been discovered by movant, and said newly discovered evidence is set out in an affidavit of Askel Thomas and Thomas J. Hicks, M. D., hereto attached and made a part of this ground, marked Exhibit 'A.' "

There is no contention that the probable effect of the newly discovered evidence, if another trial were had, would be to produce a different result favorable to the movants; nor is it shown how, or in what manner, the newly discovered evidence is material to the issues involved; and there are no affidavits showing the residence, associates, means of knowledge, character, and credibility of the witnesses by whom the newly discovered evidence is to be given. The effect of the newly discovered evidence is to contradict the testimony of the petitioner as to her age. It appears that counsel cross-examined her on this point, with the family Bible showing her age in the possession of counsel. The newly discovered evidence is cumulative and impeaching in its effect. This ground of the amended motion is incomplete and fails to show any reason why a new trial should be granted. Code, § 70-204; *Patterson* v. *Collier,* 77 *Ga.* 292 (3 S. E. 119); *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243); *Jackson* v. *Williams,* 149 *Ga.* 505 (101 S. E. 116); *Ivey* v. *State,* 154 *Ga.* 63 (113 S. E. 175); *Blackwell* v. *Houston County,* 168 *Ga.* 248, 257 (147 S. E. 574); *Heard* v. *Smith,* 183 *Ga.* 725 (189 S. E. 592). No error is shown in the judgment overruling the motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*