44260. FOSTER v. NATIONAL IDEAL COMPANY.

SUBMITTED FEBRUARY 5, 1969—DECIDED JUNE 11, 1969.

*Sanders, Mottola & Haugen, Gus L. Wood,* for appellant.
*Howard T. Oliver, Jr.,* for appellee.

JORDAN, Presiding Judge. 1. In the first enumeration it is contended that the court erred in refusing to allow two witnesses on cross examination to testify concerning admissions against interest by representatives of the plaintiff company. It appears that questions to both witnesses were propounded to elicit admissions made at a meeting between representatives of the plaintiff and the defendant and his counsel, but counsel did not inform the court at the time of objection or at the time of the ruling what answer the witness would actually give to the question as propounded.

On direct examination, to afford a basis for the assertion of error, it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party. *Barron v. Barron,* 185 Ga. 346 (194 SE 905);

774

*Rainey v. Moon,* 187 Ga. 712, 718 (2 SE2d 405) ; *Page v. Brown,* 192 Ga. 398, 401 (15 SE2d 506). In respect to cross examination, however, it need not appear that the court was apprised of the expected answer to the question propounded to the witness. *Dyar v. Dyar,* 161 Ga. 615, 618 (131 SE 535) ; *Cohen v. Cohen,* 196 Ga. 562, 565 (27 SE2d 28). But the rejection of evidence, even if it be admissible, is harmless error unless it appears that the evidence is of such a character that it would have materially affected the finding of the jury. *Van Winkle & Co. v. Wilkins,* 81 Ga. 93, 105 (7 SE 644, 12 ASR 299) ; *Ga. R. & Power Co. v. Shaw,* 25 Ga. App. 146, 147 (102 SE 904) ; *White v. Knapp,* 31 Ga. App. 344, 347 (120 SE 796).

From a review of the entire transcript it appears that the differences between the plaintiff and the defendant were thoroughly explored by a parade of witnesses who were allowed to testify in detail concerning the equipment purchased by the defendant, the defects in the equipment and the difficulties encountered in making it operate properly, and the assistance or lack of it by the plaintiff in attempts to rectify any deficiencies, and we do not think that any statements made by representatives of the company in conferring with the plaintiff would have materially affected the result reached by the jury.

2. In the third enumeration it is contended that the court erred in allowing a witness to testify why the company he represented purchased and distributed a particular make of automatic feeder, and to give his opinion as to the quality of the automatic feeder distributed by his company. The witness testified as to extensive background and experience, and at the time of testifying he was the production and inventory control manager of the company, and had been with the company for eight years. He explained in detail the basis for his opinion. The quality of the equipment, a matter of opinion, was clearly in issue, and the court did not err in allowing the witness to testify in this respect. See *Code* § 38-1708.

3. In the fourth and fifth enumerations it is contended that the court erred in allowing a witness to testify "concerning entries contained on records in possession of the Ralston Purina Company" and in refusing to strike testimony "regarding the

number of eggs produced by the defendant." While the testimony is apparently sufficient to identify the records as those of facts duly recorded in the normal course of business, thus qualifying the records for admission in evidence as a statutory exception to the hearsay rule (Ga. L. 1952, p. 177; Code Ann. § 38-711) the testimony of the witness based on "no personal knowledge, just the records" is inadmissible hearsay (Code § 38-301) which, even if improperly admitted, is not entitled to consideration to support a verdict.

Under the circumstances here shown the testimony concerning the content of the records, unsupported in the evidence by the records themselves, which were never offered in evidence, should have been excluded. This hearsay, which tends to rebut and qualify the contentions of the defendant in respect to losses he allegedly suffered because of difficulties with the egg production equipment, and which the jury was allowed to consider, may have improperly influenced the jury in arriving at a verdict which on its face shows a substantial rejection of the defendant's claim. Accordingly, we think the trial judge committed harmful error in overruling the defendant's motion to strike the testimony "with regard to the number of eggs produced and the number of eggs which were actually in the house" of which the witness admittedly had no personal knowledge.

4. In his final enumeration the defendant complains of the instructions on waiver apparently taken verbatim from the second division of Cutler-Hammer, Inc. v. Bell, 84 Ga. App. 316, 318 (66 SE2d 345) as follows: "The purchaser cannot successfully defend a suit by showing that the goods were not delivered within the time contracted for if he (the purchaser) accepted the delayed shipment without any protest, and made payments thereon. The purchaser by such conduct would be held to have waived his right to insist upon the delivery of the goods within the time specified by the contract." The court had previously instructed from the provisions of the Uniform Commercial Code now in effect in this State (Article 2—Sales, Part 6; Code Ann. Ch. 109A-2—6) and the instruction on waiver, representing the law previously in effect, and particularly in the absence of any evidence of payments after the delay, was superfluous and could have been misleading or confusing to the jury.

5. The remaining enumeration shows no harmful error. For the reasons set forth in Divisions 3 and 4 the judgment of the trial court is reversed.

*Judgment reversed.  Hall and Whitman, JJ., concur.*